Argued and submitted May 26, affirmed July 26, reconsideration denied September 15, petition for review allowed October 26, 1989 (308 Or 465)

STATE OF OREGON,
*Respondent,*

*v.*

CHESTER ALAN BEN,
*Appellant.*

(87-2184; CA A49179)

777 P2d 1001

Ingrid A. MacFarlane, Salem, argued the cause With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jas J. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted of driving while suspended, ORS 811.175, driving under the influence of intoxicants, ORS 813.010, criminal mischief in the first degree, ORS 164.365, and recklessly endangering another person, ORS 163.195. He contends that the trial court erred in precluding the testimony of two defense witnesses as a sanction for purported discovery violations and in denying his attorney's request to withdraw from the case. We affirm.

Dahl was making a phone call from a public phone booth when it was hit twice by a vehicle. Dahl flagged down Officer Denison, who found defendant intoxicated inside the phone booth. Defendant told Denison that his friend had been driving and was in a nearby store. He did not disclose his friend's name. When the clerk at the store said that no one had been in the store, Denison arrested defendant.

On the morning of trial, the defense informed the state for the first time that it would be calling two witnesses, Nelson and Martin, to testify that they had been with defendant on the night of the accident and that Martin, not defendant, had been driving the vehicle. When the prosecutor attempted to talk to Nelson, Martin and two other witnesses later that morning and during the noon recess, they refused to speak to her about the case and told her that defendant's attorney had instructed them not to do so unless he was present. At the beginning of defendant's case-in-chief, the prosecutor objected to the testimony of the two witnesses on the grounds that defendant had failed to disclose their names and addresses and that the defense attorney had instructed the witnesses not to speak in his absence.

In holding that defendant had violated ORS 135.835(1), the trial court said:

> "I think there is no question that discovery certainly could have been made earlier. I think we're supposed to be trying to get to the truth, and I think that there is a deliberate effort to try to circumvent that by the defense in this case whether it be [defendant's attorney] or the defendant personally. That certainly is the defendant's responsibility. That's ordinarily exercised through his attorney to give this disclosure."

Defendant's attorney suggested that the court call a recess so

that the prosecutor could interview the witnesses. The trial court concluded that a recess would not remedy the prejudice, because, in the light of the defense attorney's instruction, it was improbable that the witnesses would talk to the prosecutor under any circumstances. The trial court prohibited Nelson and Martin from testifying. *See* ORS 135.865.[1] Defendant's attorney then requested to withdraw from the case due to an alleged conflict of interest with defendant. The trial court denied his request.

Defendant argues, first, that there was no discovery violation. Defendant's attorney told the trial judge that defendant had never mentioned Nelson and Martin as potential witnesses and that he did not know that they would be testifying until the morning of the trial, at which time he disclosed their names, in compliance with the discovery statute. Defendant further argues that he had not intended to call Martin and Nelson as witnesses, because to do so would expose the fact that they were both violating the law that night. Martin's driver's license had been suspended and Nelson's contact with defendant violated a restraining order prohibiting contact between them.

1.     ORS 135.835 provides, in relevant part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"(1) The names and addresses of persons, including the defendant, whom the defendant intends to call as witnesses at the trial * * *."

A party must disclose discoverable material "as soon as practicable" after the filing of the indictment. ORS 135.845.[2] We

---

[1] ORS 135.865 provides, in relevant part:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[2] ORS 135.845 provides, in part:

"(1) The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court * * *.

"(2) If, after complying with the provisions of ORS 135.805 to 135.873, a party finds, either before or during trial, additional material or information which is subject to or covered by these provisions, the party must promptly notify the other party of the additional material or information."

agree with the trial court that the primary responsibility for disclosing the names of witnesses under ORS 135.835 rests with the defendant, although the actual disclosure is usually made by the attorney.

**2.** Defendant knew who was driving the vehicle at the time of the accident, and he knew that he intended to base his defense on the claim that someone else was driving. He chose not to disclose the name of the driver. That information was within his control. Moreover, the record does not support defendant's contention that he did not intend to call Martin as a witness. He testified that he spoke to Martin a few days after the incident and said:

> "And so I asked [Martin], 'Will you come to court with me and be a witness?'

> "He goes, 'Well, let's see if you can beat it without me first.'

> "I said, [Martin], you did this, not me. Why should I take the blame for you?' And then 'Well, all right. I'll go to court, but I sure want you to come to court with me so if it turns out I need you, I want you to come up and tell the truth for me.'

> "So he came to court with me today."

On the basis of that testimony, the trial court properly concluded that defendant intended to call Martin to testify on his behalf and that, therefore, he violated subsection (1) by failing to disclose Martin's name and address to the state. Similarly, defendant knew that Nelson was a witness but failed to disclose Nelson's identity to his attorney because, apparently there was a restraining order prohibiting defendant from contacting Nelson.[3]

**3.** Defendant's trial attorney also violated the policy of ORS 135.835 by instructing the defense witnesses not to speak to the prosecutor in his absence. In *State v. York*, 291 Or 535, 537, 632 P2d 1261 (1981), a prosecutor advised prospective witnesses that "it would be better if we didn't say anything" to the defense. In holding that that conduct violated the policy of ORS 135.815(1), which directs the state to disclose information to a defendant, the Supreme Court said:

---

[3] Defendant does not point to anything that Nelson would have said favorable to his defense.

"It hardly is consistent with the policy of this section to require the prosecutor to disclose to the defense the 'names and addresses' of witnesses, on the one hand, and on the other, to authorize the prosecutor to encourage the witnesses not to be interviewed concerning legitimate defense questions bearing on the alleged crime.

"* * * * *

"Implicit * * * in ORS 135.815, plainly is a policy favorable to access to witnesses and evidence and hostile to improper adversarial interference with such access." 291 Or at 539-40.

*See also State ex rel O'Leary v. Lowe,* 307 Or 395, 401, 769 P2d 188 (1989). That policy is also applicable to a defendant's duty under 135.835(1). Defendant contends that his attorney's instruction did not violate that policy, because he did not directly impede the state's access to the witnesses. Rather, he argues that his instruction only *conditioned* the state's access to the witnesses by directing them to talk only in his presence and that that condition is permissible. We disagree. The effect of the condition was to prevent the state from speaking with the witnesses until they testified at trial. That is a violation of the policy of subsection (1). *See State v. York, supra,* 291 Or at 542.

Next, defendant contends that, even if there was a discovery violation, the court erred in precluding the witnesses from testifying. He contends that the state had waived its right to object by pointing to Nelson and Martin and asking both Dahl and Denison in its case-in-chief if either witness was present on the night of the accident. Both Dahl and Denison testified that they did not see either of them.

4. The preclusion sanction of ORS 135.865 should be imposed for a discovery violation only if the court finds that a party is prejudiced by the violation and that no sanction short of preclusion will effectively avoid the prejudice. *State v. Mai,* 294 Or 269, 280, 656 P2d 315 (1982); *State v. Gill,* 96 Or App 358, 361, 772 P2d 957 (1989). The trial court must also explore other alternatives for remedying the prejudice before it can preclude a witness from testifying. 96 Or App at 361.

5. Defendant's waiver argument, in essence, addresses the question of whether the state was prejudiced by the discovery violations. The state's conduct of singling out Martin and Nelson for identification suggested that they would testify

that they were present at the scene of the accident. Although we agree with defendant that the state's use of the witnesses illustrates that it was not prejudiced by defendant's late disclosure of their names, that was not defendant's only misconduct. The attorney also instructed the witnesses not to talk to the prosecutor unless he was present. The state identified Nelson and Martin in the morning in its case-in-chief. During the noon recess, two other defense witnesses refused to speak to the prosecutor. The state was unaware of the defense attorney's instruction when it identified Martin and Nelson in its case and, therefore, it did not waive the violation arising from the improper witness instruction. That violation, in and of itself, prejudiced the state by preventing access to the witnesses and by thwarting its efforts to develop and prepare its case. *See State v. Mai, supra,* 294 Or at 278.

**6.** The trial court was justified in concluding that other remedies, such as interviewing the witnesses or a brief recess in or a postponement of the trial, would not remedy the state's prejudice. In the light of the defense attorney's instruction, the trial judge could and did believe that it was unlikely that the witnesses would have spoken to the prosecutor under any circumstances. The court had no alternatives but to tolerate the discovery violations or to impose the sanction. *See State v. Mai, supra,* 294 Or at 279. The trial court did not abuse its discretion in precluding the witnesses from testifying.

Defendant also contends that the trial court abused its discretion in denying his attorney's request to withdraw from the case, contending that a conflict of interest arose between him and the attorney when the trial court prohibited the testimony of the two defense witnesses. Defendant asserts that a potential malpractice action against his attorney constitutes a conflict of interest between them and that that conflict impaired his attorney's independent professional judgment, warranting substitution of counsel. *See* DR 5-101(A).[4]

**7.** Defendant's attorney was appointed by the court.

---

[4] Disciplinary Rule 5-101(A) states:

"Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."

ORS 135.050(5) authorizes the court to "substitute one appointed counsel for another at any stage of the proceedings when the interests of justice require such substitution." Here, the request to withdraw came only from defense counsel. Defendant did not ask the trial court for substitute counsel, and on appeal he has made no showing that the existence of a potential cause of action against his attorney affected his attorney's independent judgment during the remainder of the trial. Moreover, a change of counsel at the advanced stage that the trial had reached would have been disruptive and contrary to the goal of an orderly and efficient judicial process. *State v. Wilson,* 69 Or App 569, 572, 687 P2d 800 (1984), *rev den* 298 Or 553 (1985). Given those factors, we cannot say that the interests of justice required a substitution or that the court abused its discretion in denying the request to withdraw.

Affirmed.