Argued and submitted December 12, 1989, the decision of the Court of Appeals and the judgment of the circuit reversed and remanded to the trial court September 20, 1990

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CHESTER ALAN BEN,
*Petitioner on Review.*

### (TC 87-2184; CA A49179; SC S36447)

798 P2d 650

Ingrid A. MacFarlane, Salem, argued the cause and filed the petition on behalf of the petitioner on review. With her on the petition was Sally L. Avera, Acting Public Defender, Salem.

Jas Adams, Assistant Attorney General, Salem, argued the cause and filed the response on behalf of respondent on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde,** Carson, Jones,*** Gillette, Van Hoomissen, and Fadeley, Justices.

GILLETTE, J.

** Linde, J., retired January 31, 1990.

*** Jones, J., resigned April 30, 1990.

## GILLETTE, J.

Defendant in this criminal case was convicted of driving while suspended, driving under the influence of intoxicants, first degree criminal mischief, and reckless endangerment. The defense was that one Martin, not defendant, was driving. On the day of trial, defense counsel revealed for the first time the existence of Martin and another witness, Nelson. Defense counsel also instructed all defense witnesses that they should not discuss their testimony with the prosecutor unless defense counsel was present. Finding that this instruction violated the Oregon criminal discovery statutes, ORS 135.585 to 135.873, the trial judge imposed the sanction of excluding the testimony of Martin and Nelson. The issue presented is whether the trial court erred by excluding the testimony under the circumstances of this case.[1] The Court of Appeals affirmed defendant's convictions. *State v. Ben,* 97 Or App 640, 777 P2d 1001 (1989). We reverse.

### FACTS

Jon Dahl was making a telephone call from a public telephone booth when a vehicle hit the booth twice. Dahl left the telephone booth and flagged down Officer Denison, who was patrolling the area, and told Denison about the incident.

Upon arriving at the scene, Denison found defendant in the telephone booth. Defendant readily admitted being drunk and that his license to drive was suspended. Defendant claimed that someone else had been driving the vehicle and that he thought the driver was in a nearby store. Denison and defendant proceeded into the store. Only the store clerk was present and the clerk stated that no one except defendant had been in the store. Defendant, with Denison at his elbow, telephoned two people from the store and asked them to tell Denison that he (defendant) had not been driving the vehicle. Neither did; defendant was arrested.

During a pretrial conference on the morning that the trial was to begin, the defense for the first time disclosed the

---

[1] Defendant also argued to the Court of Appeals that the trial court abused its discretion in denying his attorney's request to withdraw from the case. Defendant did not renew that argument in his petition for review.

names of Nelson and Martin. The defense had earlier disclosed to the prosecutor two other defense witnesses.

As part of defendant's opening statement, counsel told the jury that witness Martin would testify that Martin, not defendant, was driving the car when it struck the telephone booth, and that defendant was in the store at the time. Defense counsel also told the jury that Martin would testify that he ran from the scene because he was frightened and that, at a point about a block away, he met witness Nelson, who took him from the area. Defense counsel further told the jury that other evidence would show that about two minutes before the incident, defendant left the house of another witness, having gotten into the car on the passenger side at that house.

The prosecutor did not object immediately to the use of Martin or Nelson as witnesses when they were disclosed during the pretrial conference. Neither did she object to the opening statement or make a motion to preclude testimony of those witnesses at that time. Instead, during the state's case-in-chief, with Dahl on the stand, the prosecutor called first Nelson and then Martin into the courtroom in the presence of the jury. She asked Dahl if either was the man whom Dahl had seen in the automobile after he had left the phone booth. Dahl said, "no." The prosecutor also asked Officer Denison if he had seen either man at the scene. Denison said, "no." The state also obtained criminal conviction records of Nelson and Martin for use during the trial.

During the noon recess, the prosecutor approached Nelson and Martin, as well as the two witnesses whose identity had been disclosed earlier by defense counsel. She asked the witnesses to speak with her about their proposed testimony in the defendant's case, which was to start later that afternoon. The witnesses declined to speak with her in the absence of defense counsel. They stated that defense counsel had told them, on the morning of the trial, not to speak with the prosecutor about the case unless defense counsel was present. No motion to preclude their testimony was made when trial recommenced at 1:30 p.m. However, after the state had rested, the prosecutor objected to Martin and Nelson testifying, both because neither had been disclosed as a witness until that morning and because the defense attorney had advised them not to speak to the prosecutor in his absence.

Responding to the prosecutor's objections, defense counsel suggested that a recess would be sufficient, arguing:

> "I am not opposed to [the prosecutor] speaking with those people if she wishes to speak with them. I have no objection to taking a recess to allow her an opportunity to speak with them at least so far as Mr. Nelson and Mr. Martin are concerned. I don't think it's improper, however, to advise them they don't have to speak with the prosecutor unless I'm present."

The court ruled:

> "I don't think we need to go into that. I don't think that this is right to tell any witness that they shouldn't talk to the State's attorney unless the defense attorney is present. I don't think you've got that right. I don't think that the State would have the right to do the same thing with respect to any of the State's witnesses.
>
> "Now, they can be told that they don't have to speak to the other side if they don't want to. They don't have to talk to anybody if they don't want. But that doesn't mean you can tell them that 'You don't talk to them unless I'm present.' that just is not proper, and I'm going to exclude them as witnesses because I think it's improper. There is an Oregon case that so holds that that's an improper thing to do."

Following the court's ruling, the defense counsel asserted:

> "I think, Your Honor, that we're missing the point here. The point is whether or not there was any prejudice or surprise to the State."

Defense counsel again suggested a recess, to which the court responded:

> "Well, the difficulty is that after having been told that by you, the question is whether or not they will speak to her at all now and when you're not present is extremely unlikely."

Defense counsel replied:

> "Then I will go out personally and speak with them all. I'll bring them all in court here, Your Honor, and tell them they're free to speak with [the prosecutor] if that's what they so choose to do, and I will in fact encourage them to speak with [the prosecutor]."

The court stated:

> "I'm going [to] stay with the previous ruling. * * * because I

think that's completely improper and I think Counsel should know that."

After further colloquy, the trial judge adhered to his ruling, stating:

"I think there is no question that discovery certainly could have been made earlier. I think we're supposed to be trying to get to the truth, and I think that there is a deliberate effort to try to circumvent that by the defense in this case whether it be [the defense attorney] or the defendant personally. That certainly is the defendant's responsibility. That's ordinarily exercised through his attorney to give this disclosure.

"I think it's more of a strategy than anything else to disclose these witnesses on the morning of trial, and certainly some strategy to instruct them not to discuss the matter with the District Attorney or District Attorney's office or representative. I think it was a deliberate thing, and I'm going to abide by the previous ruling [to exclude the two witnesses from testifying]."

The Court of Appeals upheld preclusion of the witnesses because both the timing of the disclosure and the defense attorney's instruction to the witnesses constituted violations of the reciprocal discovery statutes. ORS 135.805 to ORS 135.873. The court also concluded that the state was prejudiced by the misconduct and that the trial court "could and did believe that it was unlikely that the witnesses would have spoken to the prosecutor under any circumstances. The court had no alternatives but to tolerate the discovery violations or impose the sanctions." 97 Or App at 646.

## ANALYSIS

Oregon's reciprocal criminal discovery statutes impose an equal burden on the state and the defendant to disclose to each other the names and addresses of persons whom each party intends to call as witnesses at the trial. *See* ORS 135.815(1);[2] ORS 135.835(1).[3] That obligation must be

---

[2] ORS 135.815(1) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1) The names and addresses of persons whom the district attorney intends to call as witnesses at any state of the trial, together with their relevant written or

performed "as soon as practicable" after the filing of the indictment. ORS 135.845. Should either party fail to comply with discovery requirements, "the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate." ORS 135.865.

■    Although ORS 135.835 imposes the responsibility for disclosing on a "defendant," we think it is clear that the reciprocal discovery statutes apply equally to a defendant and his attorney. In providing discovery, the client's role normally is limited to informing the attorney of potential witnesses, while the attorney determines who will be called to testify and then discloses to the state the names and addresses of those witnesses to be called at trial. Construing the discovery statutes as applying only to a defendant would render them essentially ineffectual because, in most instances, it is a defendant's attorney who actually possesses and controls the material and information required to be disclosed. Thus, we interpret "defendant" as including a defendant and his attorney.

■    The Court of Appeals was correct in holding that defendant himself violated the discovery statutes when he failed to disclose the names of Martin and Nelson to the state until the morning of trial. Despite defendant's claims to the contrary, the record reveals that he intended to call Martin as early as a few days after the incident. At that time, defendant spoke to Martin about being a witness so that Martin could testify that he, not defendant, was the driver. Although less clear, it also appears that defendant intended to call Nelson — defendant knew that Nelson was a witness; he testified that he had not mentioned Nelson's name to his attorney because

---

recorded statements or memoranda of any oral statements of such persons."

[3] ORS 135.835(1) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"(1) The names and addresses of persons, including the defendant, whom the defendant intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than the defendant."

there had been in effect a restraining order prohibiting him from contacting Nelson at the time of the incident.

■ We think defendant's attorney also committed a discovery violation by instructing the witnesses not to speak to the prosecutor unless he was present. Although that conduct does not directly violate any specific language of the discovery statutes, it definitely contravenes their purpose.

In *State v. York*, 291 Or 535, 538, 632 P2d 1261 (1981), this court discussed the reciprocal discovery statutes in the context of a prosecutor who advised witnesses that "it would be better if they didn't say anything" to the defense attorney. The court examined ORS 135.815(1), which requires the district attorney to disclose to the defendant the names and addresses of witnesses, as well as various disciplinary rules forbidding the suppression of evidence. The court found that implicit in the rules and ORS 135.815 was "a policy favorable to access to witnesses and evidence and hostile to improper adversarial interference with such access." *Id.* at 540. In light of this policy, the court held that the prosecutor had interfered improperly with the defense attorney's efforts to interview the witnesses by advising them against speaking with the defense attorney. The same policy prohibiting a prosecutor from interfering with the free access to witnesses is applicable to a defense attorney.

Although the defense attorney's advice conditioned the state's access to the witnesses, rather than instructing them not to speak to the prosecutor under any circumstances, the effect of his admonition was directly to impede the state from interviewing the witnesses. His conduct violated the purpose of the reciprocal discovery statutes by frustrating the prosecutor's efforts to prepare the state's case and by preventing the prosecutor from having free access to the witnesses.

■ The reciprocal discovery statutes provide that the court may impose sanctions against any party who fails to comply with discovery requirements. One of the sanctions available to the court is to preclude the testimony of a witness. ORS 135.865. We turn to the question of whether the trial court acted appropriately in choosing to impose this sanction.

■ This court has upheld preclusion as a legitimate sanction for failure to provide discovery. Courts may only preclude

testimony, however, when to do so achieves the purpose of the discovery statutes and the other party has been prejudiced. *See State v. York, supra,* 291 Or at 544 (in a prosecutorial misconduct case, trial court erred by not making finding of prejudice, which must be based upon evidence before the trial court; error not prejudicial because the witnesses would not have talked to defendant's attorney in any event).

In *State v. Mai,* 294 Or 269, 277, 656 P2d 315 (1982), the objection by the prosecutor came after the defendant's opening statement. The trial court ordered the defendant to make the witnesses available during the noon hour. Defense counsel interposed himself at noon, insisting that his witnesses answer no questions. The trial court precluded one witness but not another. On review, this court held that the sanction of preclusion may be imposed,

> "provided that the court finds that the prosecution is prejudiced by the defendant's failure to comply with the reciprocal discovery statutes, and provided further, that it appears that no sanction short of preclusion effectively will avoid the prejudice which the defendant's lack of compliance created."

*Id.* at 280 (footnote omitted).[4] *See also State v. Burdge,* 295 Or 1, 14, 664 P2d 1076 (1983) (reversing conviction where a defense witness had violated the order excluding prospective witnesses from the courtroom, holding that preclusion of testimony should be imposed only when necessary to preserve the integrity of the fact finding process).

Had it permissibly found prejudice, the trial court could have properly precluded Nelson and Martin from testifying as a sanction for violating the discovery statutes. On the other hand, a remedy short of preclusion, such as a recess or postponement, conceivably could have avoided any prejudice caused by the late disclosure by allowing the state time to talk to the witnesses. The trial court expressly recognized that a recess would possibly cure the lateness of discovery of these two witnesses. The trial court's choice of preclusion, rather

---

[4] While this court has indicated in *State v. Mai,* 294 Or 269, 280, 656 P2d 315 (1982), that prejudice to the state must be shown before the court may impose preclusion of a witness' testimony as a sanction against the defense, we have elsewhere suggested that that requirement does not apply to the defendant's request to preclude prosecution witnesses. *Id.* at 280 n 7. The circumstances under review in this case do not require us to decide whether the latter suggestion in *Mai* was correct.

than a lesser sanction, was based on the court's conclusion that the defense attorney's instructions likely precluded the witnesses from speaking freely with the prosecutor, even if the witnesses were made available for interviews with the state.

The trial court found that "the difficulty is that after having been told that by [defense counsel], the question is whether or not they will speak to [the prosecutor] at all now and [the possibility that the witnesses will speak] when [defense counsel is] not present is extremely unlikely." The trial court's statement is not clear whether the extreme unlikelihood relates to the witnesses speaking to the prosecutor at all, or to the witnesses speaking to the prosecutor outside the presence of defense counsel, or to both. The existence of the first and third options would establish prejudice.

The second option is not so clear, however, for there is nothing *per se* prejudicial about the presence of defense counsel in the room if the witnesses freely choose on their own, not as a rule imposed by defense counsel, to so condition their conversation with the prosecutor. That condition would be their prerogative and would have been so had the defense counsel never said a word to them. Thus, the trial court appropriately could have informed the witnesses, for example, that defense counsel had no right to tell them only to speak in his presence, that a recess would be had during which the prosecutor could repeat her request, and that the witnesses were free to respond to the request as they saw fit.

In all events, the trial court's conclusion regarding the extreme unlikelihood of the witnesses speaking to the prosecutor was mere speculation. The trial court was not entitled *on this record* to conclude that prejudice had in fact occurred. Additionally, it does not appear from the record, and the trial court made no pertinent findings, that a lesser sanction — such as a saving instruction to the witnesses plus a continuance to give the prosecutor time to renew her request, or requiring defense counsel to disclose the anticipated substance of the witnesses' testimony — would not avoid the prejudice. Accordingly, the trial court erred.

■ We note two other arguments in passing. First, defendant argues that preclusion is not appropriate where its effect would be to punish defendant for actions that are solely the responsibility of his attorney. We reject that argument. It is

true that, because preclusion may weaken defendant's case and even result in an easier conviction, the sanction affects defendant rather than his attorney — defendant may bear the brunt of his attorney's misconduct when he himself is innocent of violating the discovery statutes. However, as the United States Supreme Court observed in *Taylor v. Illinois,* 484 US 400, 418, 108 S Ct 646, 98 L Ed 2d 798, *reh den* 485 US 983, 108 S Ct 1283, 99 L Ed 2d 494 (1988), in order for the adversary process to function effectively, the attorney must speak for the client when responding to discovery and the client must, at least for the purposes of that trial, accept the consequences of the attorney's decisions.

■ Neither are we impressed with defendant's alternative argument that the state "waived" its objections by not pressing them at the beginning of this case. It was not until after the noon recess on the day of trial that the prosecutor had the basis to object on which the state now relies. Her brief delay thereafter was not a waiver.

■ Returning to the error that was committed, we find that its effect was to deny defendant a fair trial. Defendant's claim was that he was not driving. If believed, this defense would have exonerated him on all charges. Erroneously preventing defendant from offering both direct and circumstantial evidence supporting his version of the facts struck at the heart of his theory. A new trial is required.

The decision of the Court of Appeals and the judgment of the circuit court are reversed and the case is remanded to the trial court for proceedings consistent with this opinion.