Submitted on remand November 8, 1990, reversed and remanded for new trial
March 6, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES ALLEN CLARKE,
*Appellant.*

# (CR9-1954-JT; CA A62281)

808 P2d 92

Henry M. Silberblatt, Salem, appeared for appellant. With him was Sally L. Avera, Public Defender, Salem.

Jas. Adams, Assistant Attorney General, Salem, appeared for respondent. With him were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appealed his conviction for driving under the influence cf intoxicants, ORS 813.010, contending that the court erred by excluding the testimony of one of his witnesses because he did not fully comply with ORS 135.835. We affirmed the judgment on the basis of our decision in *State v. Ben,* 97 Or App 640, 777 P2d 1001 (1989). The Supreme Court granted defendant's petition for review and remanded for "further consideration in light of this court's opinion in *State v. Ben,* 310 Or 309, 798 P2d 650 (1990)." We reverse and remand for a new trial.

The record is very sketchy regarding the circumstances surrounding disclosure of the name and address of the witness whose testimony was excluded. The witness, Blackford, was with defendant and two other people earlier in the evening that defendant was arrested and apparently would testify regarding defendant's alcohol consumption or his state of intoxication. Defendant knew Blackford's name and could locate his residence but did not know his address. Defendant's attorney, by letter sent a short time before trial, gave the prosecutor Blackford's name but not his address.

On the morning of trial, but before it had commenced, the prosecutor objected to Blackford being called as a witness. The court recessed in order for the prosecutor to interview Blackford. After he had talked to Blackford, the prosecutor moved to exclude his testimony, arguing that he had learned from Blackford that there were two other persons present on that evening and that the state was prejudiced by not being able to interview those persons. Defendant argued at trial that there was no discovery violation and, alternatively, that the court should not use the extreme sanction of excluding the witness. The court questioned Blackford and learned that he knew where the two other persons lived and that they were in Redmond, a short distance from Bend, where the trial was held.

The court excluded the testimony, because defendant had known Blackford's name and how to locate him since the time of defendant's arrest and could have discovered and disclosed Blackford's address much earlier.

Defendant first argues that there was no discovery

violation, because his counsel gave the prosecutor Blackford's name before trial but did not, at that time, disclose Blackford's address, because he did not know it. He next argues that, if there was a violation of ORS 135.835, exclusion of the testimony was not an appropriate sanction.

■     ORS 135.835(1) provides that the defendant shall disclose to the prosecutor the names *and addresses* of all persons the defendant intends to call as witnesses. The court found that, although defendant did not know Blackford's actual address, he knew how to locate the residence and could have found the address and provided it to his counsel. The statute requires both the name and address of the witness to be disclosed; there was evidence to support the court's finding that the statute was violated.

■     If there is a discovery violation, ORS 135.865 gives the trial court a broad range of options to remedy the violation. The statute vests broad discretion in the trial court in the choice of remedy. In *State v. Mai,* 294 Or 269, 656 P2d 315 (1982), the court, in addressing the tension between exclusion of a witness' testimony and a defendant's constitutional right to compulsory process, said:

> "There can be no denying that the imposition of the preclusion sanction may result in the defendant's being unable to call witnesses whose testimony might be relevant, material and exculpatory. Therefore, the sanction should be imposed only when no lesser sanction would accomplish the aim of the statute, and then only if the state would be prejudiced if the witness or witnesses were permitted to testify even though the statute had not been complied with." 294 Or at 277.

*See also State v. York,* 291 Or 535, 632 P2d 1261 (1981).

The prejudice that the state suffers from the discovery violation must be actual prejudice, not just a theoretical disadvantage that arises because of a reduced opportunity to prepare for trial. In *State v. Ben, supra,* the Supreme Court held that a trial court must make a finding of prejudice and that that finding must be supported by evidence in the record. The court here made no particular finding but appeared to adopt the state's claim of prejudice as a basis for precluding the witness. The question on review is whether the state's claim of prejudice, in conjunction with the other circumstances of this case, justified exclusion.

The critical issue at trial was whether defendant was under the influence of alcohol. There was no issue whether he was driving the car. He had refused to submit to a blood alcohol test, so the only testimony offered by the state was by the arresting officer, who described defendant's actions and gave his opinion that defendant was under the influence of alcohol to a perceptible degree. Although there was very little description of what Blackford would testify about, it seems reasonably clear that he would have information about defendant's consumption of alcohol and his condition before the arrest. That evidence could be very helpful to defendant as rebuttal to the officer's testimony.

The state's claim of prejudice was not that it had had no opportunity to interview Blackford but that it had had no opportunity to interview other persons who were with defendant. The state made no claim that it would have interviewed Blackford before trial if his address had been disclosed, and it is not an obvious conclusion that such an investigation would have been done in this DUII case. The state does not disclose what information it could have obtained that would have been helpful to the prosecution by interviewing the two people. The best that can be gleaned from the record is that they could possibly confirm or contradict Blackford's testimony. Prejudice sufficient to justify preclusion of a defense witness must be more concrete. The court abused its discretion in excluding the testimony.

■    The state argues that defendant has not demonstrated reversible error by showing that he was prejudiced by exclusion of Blackford's testimony. It argues that he made no offer of proof and did not otherwise indicate what Blackford would say and how exclusion of that evidence would be harmful.[1] However, we can determine from the context of the discussion regarding the discovery violation and the state's interview of Blackford what his testimony would likely be. In the context of this case, the evidence would be important to defendant in presenting his version of the facts. The exclusion of the testimony, in the light of the limited prejudice shown by the state, denied defendant a fair trial.

---

[1] The prosecutor interviewed Blackford and was aware of how he would testify. If his testimony would not have helped defendant, and therefore would have been harmful to the state, one wonders why the prosecutor fought so hard to have it excluded.

Reversed and remanded for new trial.