Argued and submitted May 24, judgment vacated; remanded with instructions
December 18, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD ERIC JOHANESEN,
*Appellant.*

## (C890070CR; CA A63226)

822 P2d 154

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. Although he makes three assignments of error, we address only his contention that the court erred by excluding evidence that the victim tentatively identified someone other than defendant as the robber.[1] We vacate the judgment and remand for further proceedings.

On July 27, 1988, Vennes was working in a grocery store. A man approached and opened his jacket, revealing a handgun. The man asked Vennes, "Do you want to live?" When Vennes answered, "Yes," he was told "to empty the till." Vennes complied, and the man left with $500. At trial, Vennes identified defendant as the robber. In addition to Vennes' testimony, another eyewitness identified defendant as the robber.

Two days before trial, Barbeau, a defense investigator, showed Vennes a photo array that Barbeau had prepared. From that photo array, Vennes selected another person as the robber. Defendant's photograph did not appear in the array. After the jury had been impaneled, defense counsel provided the state with the photographs used in the array and a report of Barbeau's interview with Vennes. Defense counsel also notified the state that he intended to call Barbeau as a defense witness.

The state objected to the defense identification evidence on the ground that disclosure of the evidence was untimely and that the defense photo lineup was unduly suggestive. The court ruled that a discovery violation had occurred, that the state had been prejudiced by the violation and that exclusion of the evidence was the only appropriate remedy.

ORS 135.835 generally requires a defendant to disclose to the state the names and addresses of all persons the defendant intends to call as witnesses, their written or recorded statements and any physical evidence that the defendant intends to offer at trial. *See State v. Burdge*, 295 Or

---

[1] Defendant also contends that the trial court erred in denying his motions to have substitute counsel and for a judgment of acquittal. Neither issue merits discussion.

1, 664 P2d 1076 (1983); *State v. Young*, 94 Or App 683, 688, 767 P2d 90 (1989). The court found that disclosure of the evidence was untimely and, therefore, a discovery violation. Defendant concedes that the untimely disclosure was a discovery violation but contends that the court abused its discretion in excluding the evidence.

The court reasoned that the state was prejudiced by the untimely disclosure for two reasons: First, it was necessarily denied a pre-trial hearing on admissibility of the defense evidence; and, second, conducting such a hearing, at that stage of the trial, would cause undue delay. We agree that the state is entitled to challenge the admissibility of the defense evidence pre-trial. However, that fact alone does not answer whether the state was *actually* prejudiced by the untimely disclosure, whether a sanction short of exclusion could alleviate any potential prejudice to the state or whether the delay necessary to determine the admissibility of the defense evidence was so great that its exclusion was the only means available to the court "to preserve the integrity of the fact finding process." *State v. Burdge, supra*, 295 Or at 14; *State v. Mai*, 294 Or 269, 280, 656 P2d 315 (1982); *State v. Clarke*, 106 Or App 204, 207, 808 P2d 92 (1991).

■■    Before a court can exclude defense evidence because of a discovery violation, there are at least two prerequisites: First, it must find actual prejudice to the state; and, second, it must determine that no other sanction short of exclusion would remedy the prejudice to the state. To determine whether the state had been prejudiced by the untimely disclosure, the court first needed to ascertain whether the prosecutor had interviewed Vennes and Barbeau about Vennes' identification. In addition, the court was obliged to determine what additional time the state would need to prepare its challenge to the defense evidence. Without that information, the trial court could neither determine actual prejudice to the state nor meaningfully consider the benefits and detriments of sanctions or remedies short of exclusion. *State v. Girard*, 106 Or App 463, 470, 808 P2d 1017 (1991); *State v. Gill*, 96 Or App 358, 361, 772 P2d 957 (1989). At best, the court simply accepted the state's theoretical claim of prejudice and concluded that the time necessary to remedy the state's disadvantage would unduly delay the trial. That is not enough. The

court must find actual prejudice, and the record must support that finding. *State v. Clarke*, *supra*, 106 Or App at 207. The court's failure to determine the presence of actual prejudice constitutes an abuse of discretion. Accordingly, we vacate the judgment and remand for further proceedings.

On remand, the state will have adequate time to prepare its challenge to the defense evidence. Therefore, it is unnecessary for the court to consider alternate sanctions. Instead, if the court finds that the evidence is not admissible, it shall re-enter the judgment. If the court finds that the evidence is admissible, it shall grant defendant a new trial.

Judgment vacated; on remand, the court shall consider the admissibility of the identification evidence; if the court finds that the evidence is not admissible, it shall re-enter the judgment; if the court finds that the evidence is admissible, it shall grant a new trial.