# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ERIC JOHANESEN,
*Appellant.*

## (C890070CR; CA A75601)

855 P2d 1118

Marc Sussman, Portland, argued the cause and filed the brief for appellant.

Youlee Y. You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals from an order reinstating his judgment of conviction, following a jury trial, of first degree robbery. ORS 164.415. We vacate the judgment.

At trial, defendant offered into evidence the testimony of a defense investigator who had shown four photographs to the victim of the robbery. The photo throw-down consisted of mug shots of three clean-shaven men and one man with a moustache. Defendant had a full beard at the time of the robbery. His picture was not included in the photo throw-down prepared by the defense investigator. The victim said that the man with the moustache "could have been" the robber.

Defendant sought to introduce the testimony of the defense investigator to impeach the victim, who had earlier chosen defendant's photo from a different throw-down prepared by the police. The state objected to admission of the defense investigator's testimony, because disclosure was untimely and also because the defense throw-down was unduly suggestive. The trial court ruled that defendant had violated the discovery rules by not revealing that he intended to call the defense investigator, that the state was prejudiced and that exclusion of the evidence was the only appropriate remedy. On appeal, we remanded for redetermination of whether the evidence was admissible, with instructions that the judgment should be reentered if the evidence was not admissible. *State v. Johanesen*, 110 Or App 348, 822 P2d 154 (1991). On remand, the court reconsidered the admissibility of defendant's throw-down. At the hearing, the investigator who prepared the defense throw-down testified that a proper police throw-down would have included only men with the same features and facial hair as defendant. He admitted that he had not followed police procedure in preparing the defense throw-down. The trial court reasoned that, because the defense throw-down was inadmissible under the standards applied to police throw-downs, it should be excluded. The trial court then reinstated the judgment.

The first issue before us is whether the state may seek exclusion of a defense throw-down because it was unduly suggestive. Suggestiveness would be an issue if the state is

entitled to the same remedy afforded criminal defendants, namely, exclusion of a suggestive throw-down. Courts have long excluded in-court identifications resulting from unduly suggestive throw-downs, because they pose an acute danger to the rights of criminal defendants:

> "The influence of improper suggestion upon identifying witnesses probably accounts for more miscarriages of justice than any other single factor—perhaps it is responsible for more such errors than all other factors combined." Wall, Eyewitness Identification in Criminal Cases 26, *quoted in United States v. Wade*, 388 US 218, 229, 87 S Ct 1926, 18 L Ed 2d 1149 (1967).

The concern is that a suggestive identification procedure may result in a mistaken identification of a defendant at trial. *See State v. Classen*, 285 Or 221, 227, 590 P2d 1198 (1979).

On these facts, the rationale of *Wade* and *Classen* loses its force. In this case, defendant offered the throw-down to impeach the victim, not as direct evidence to induce or bolster unreliable identification. When used by the defense in this way, the witness' statements about a photo throw-down are in the nature of a prior inconsistent statement subject to the limitations of OEC 613. The suggestiveness of the throw-down goes to weight, not admissibility. The state can seek to overcome the evidence by showing that the throw-down did not conform to police procedures designed to ensure fairness. Also, as with any attempted impeachment, the witness would have an opportunity to explain the choice of, or comments about, a certain photograph.

■■ The state argues that, even if it is not entitled to the same protection from suggestive throw-downs that a criminal defendant enjoys, the results of the throw-down were nevertheless properly excluded under OEC 403. Evidence used to impeach the credibility of a witness is subject to an OEC 403 balancing test. *See State v. Oland*, 1 Or App 272, 277, 461 P2d 277 (1969). Under OEC 403, evidence may be excluded if the trial court finds that the probative value is substantially outweighed by prejudice, surprise or confusion. Here, the trial court considered the possibility that the evidence might mislead the jury, but never weighed that danger against the

probative value of the throw-down. In fact, the findings do not show that the trial court considered probative value at all.[1]

The state argues that, even if the testimony about the photo thrown-down was admissible under OEC 403, exclusion of the evidence was harmless. Because we conclude that the court erred in not determining whether the evidence was unduly prejudicial under OEC 403, we cannot logically analyze whether the error was harmless.

Judgment vacated; remanded for balancing under OEC 403. If the trial court concludes that the evidence is admissible under OEC 403, it shall order a new trial. If it concludes that the evidence is inadmissible, it shall reinstate the judgment.

---

[1] The trial court made these findings:

"[I]f I looked at 403 with the undue delay and the other — Well, the three dangers that are described in the text of Professor Kirkpatrick — there are three dangers, two considerations. The dangers are unfair prejudice, confusion of the issues, misleading the jury; two considerations, undue delay and needless presentation of cumulative evidence. I think danger No. 3, misleading the jury, is the other one that is the most pronounced factor in keeping it out. And even if I balanced it under 403, I think that danger alone, notwithstanding you might give a curative instruction, would be unable to unring the bell * * *. So I think it that the danger of misleading the jury outweighs the presumptiveness [sic] of having it admissible, which is the policy behind 403."