Argued and submitted November 28, 1994, judgment vacated and remanded with instructions January 25, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## BENJAMIN EVELYN FAIN, III,
*Appellant.*

### (CR21202; CA A81912)

888 P2d 1052

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David E. Leith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Defendant appeals from his conviction for driving while under the influence of intoxicants (DUII). ORS 813.010. He claims that the court erred when it granted the state's motion to exclude the testimony of a defense expert. We review for abuse of discretion. *See State v. Johanesen*, 110 Or App 348, 351, 822 P2d 154 (1991).

On May 19, 1992, Deputy Johnston clocked defendant's car traveling at 87 miles per hour in a 55-mile per hour zone. Johnston activated his overhead lights and stopped defendant. When Johnston approached defendant's car, he smelled the odor of alcohol and noticed that defendant's eyes were bloodshot and watery.

After administering a series of field sobriety tests, Johnston arrested defendant for DUII. When the breathalyzer test registered a .00% alcohol level, Johnston believed that defendant was under the influence of a controlled substance. Defendant denied using any controlled substances. Later, the state's crime laboratory completed a urinalysis and found traces of marijuana metabolites. Defendant's own expert also conducted a urinalysis.

At a pretrial hearing, the state moved to compel defendant to deliver copies of his expert's notes and reports. Defendant responded that the defense expert's urinalysis test results were available and could be viewed at defense counsel's office. Defendant declined to copy the report and mail it to the state unless the state agreed to reimburse him. The state refused to reimburse defendant. The court ordered defendant to "deliver to the state photocopies of any notes, reports or statements of defendant's expert witness made in connection with this case." The order stated that, if defendant did not comply, the testimony of the expert would be excluded. Defendant did not deliver the report.[1]

At trial, when defendant called the expert to testify, the state objected. It asked the court to exclude the expert's

---

[1] The prosecutor appears to have refused the opportunity to view the report, and defense counsel, who was appointed, appears to have refused to make photocopies and then seek reimbursement for the cost of those copies. The consequence of this unfortunate dispute is that an eminently resolvable matter has resulted in the time and expense of an appeal, with a possibility of retrial.

testimony on the ground that defendant had failed to comply with the pretrial discovery order. The trial court agreed to exclude the expert. It held that, because the judge who had entered the pretrial order had chosen the most extreme sanction, that sanction had to be imposed and that the matter would not be reopened.

On appeal, defendant argues that the court erred in excluding the testimony of his expert witness. He first argues that there was no discovery violation under ORS 135.835(2),[2] because he did not intend to offer the expert's report in evidence at trial. He also argues that, to the extent that counsel's failure to provide a copy of the report did constitute a violation of the pretrial order, that order was beyond the authority of the court, because it compelled disclosure of any notes, reports or statements of the expert, not just those that defendant intended to offer.

■ We need not address those arguments. The discovery order was entered several months before trial. At that time, defendant did not argue that he did not intend to offer the expert's report or that the order required delivery of materials not subject to discovery. He also did not later seek to have the order set aside. Under these circumstances, his objections to the scope of the order and the authority of the court are not timely.

■■ However, we do agree with defendant's argument that the court erred when it precluded defendant's expert from testifying without any finding of prejudice to the state. ORS 135.865[3] provides a trial court with a range of options

___

[2] ORS 135.835 provides, in part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"* * * * *

"(2) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons, which the defendant intends to offer in evidence at the trial."

[3] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the

for enforcement of discovery statutes, including refusing to allow a witness to testify. However, because precluding testimony may result in a defendant's inability to call witnesses whose testimony might be material and exculpatory, it should be imposed only when no lesser sanction accomplishes the aim of the statute and the state would be prejudiced if the witness were permitted to testify. *State v. Mai*, 294 Or 269, 277, 656 P2d 315 (1982). We explained in *State v. Johanesen, supra*, 110 Or App at 351:

> "Before a court can exclude defense evidence because of a discovery violation, there are at least two prerequisites: First, it must find actual prejudice to the state; and, second, it must determine that no other sanction short of exclusion would remedy the prejudice to the state."

Here, the trial court did not find that the state would be prejudiced by defendant's violation or that a less onerous sanction would remedy the prejudice. Relying on *State v. Mai, supra*, the state argues that we may infer prejudice from the circumstances. The state is not assisted by *Mai*. There, the defendant had failed to disclose the name of the witness, a failure that the Supreme Court concluded impaired the state in its legitimate efforts to prepare for trial. 294 Or at 279. There are no analogous consequences of defendant's discovery violation here: The state knew before trial that defendant had an expert witness, sought the report of that witness and could have examined the report at the office of defendant's counsel.

The state contends that, if the trial court erred, the error was harmless. In the offer of proof, defendant's expert stated that he would have testified that it is possible for a urinalysis to show marijuana metabolites in the urine for days or weeks after a person has been exposed to the drug and that "detection of this metabolite in the urine is not relevant to [whether a person is] under the influence" of marijuana. He also would have testified about a recent study showing that passive inhalation of marijuana smoke can result in detectable metabolites in the urine. Finally, he would have testified as to some of the effects of marijuana use and

---

witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

whether those effects explained defendant's field test performance.

In support of its harmless error argument, the state contends that the testimony of defendant's expert regarding the field performance tests was more inculpatory than exculpatory, because it showed that defendant's poor performance *could* be attributable to marijuana. It also argues that the evidence was cumulative, because the state's expert testified that it was not possible to tell from the metabolites in defendant's urine whether defendant was under the influence of intoxicants. It also contends that defendant's expert's testimony regarding second-hand smoke was not essential, because the state's expert, when called as a witness for the defendant, testified that she knew of one study finding positive marijuana tests from second-hand smoke. Finally, the state contends that the testimony regarding second-hand smoke was not directly relevant to the charge of DUII, which is a strict liability offense. *State v. Miller*, 309 Or 362, 371, 788 P2d 974 (1990).

We do not agree with the state's assessment of the excluded testimony. If defendant was under the influence of intoxicants, the state may be correct that how he became intoxicated is irrelevant. However, the issue was *whether* defendant was under the influence. His defense was that he was not, and that the presence of the metabolites was explained by his exposure to second-hand marijuana smoke several days before his arrest. The state concedes that the testimony regarding second-hand smoke might have been more effective coming from defendant's expert. Indeed, it could have presented an arguably scientific corroboration for defendant's theory. The expert's testimony as to the field performance tests also might have made more credible defendant's explanations for his performance. We cannot say that there is little likelihood that the expert's testimony would have affected the verdict. Therefore, we vacate the judgment and remand for further proceedings.

Judgment vacated; remanded with instructions for court to determine whether discovery violation prejudiced the state and, if so, whether there was a less restrictive sanction. If the court finds prejudice and no reasonable alternative sanction, it shall reinstate the judgment; otherwise it shall order a new trial.