Argued and submitted October 27, 1994, reversed and remanded for new trial
July 12, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## ARMANDO A. PEREZ,
*Appellant.*

## (92C-21509; CA A80058)

899 P2d 722

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

R. Victoria Roe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his convictions for first degree burglary and second degree sexual abuse. ORS 164.225; ORS 163.425. He assigns error to the court's exclusion of his witnesses as a sanction for discovery violations. He argues that the prosecution failed to demonstrate that it would be prejudiced if his witnesses were allowed to testify. We reverse.

Defendant and the alleged victim, Lewis, gave very different accounts of what occurred on the night of July 17, 1992. Lewis testified that, after she got off work, she stopped by a neighbor's apartment for a soda and then went home and to bed at about 1:00 a.m. It was a hot night, so she left her front door open and the fan on in front of her door. She testified that she was awakened by kisses from defendant, who had climbed into her bed. Defendant said, "It's me, Armando" and, "Do you want me to do this?" Lewis testified that she told defendant to stop but he continued kissing her and tried to put his hands in her panties and bra. Lewis testified that defendant eventually stopped after she continued to say no and push his hands away.

Defendant admits that he was in Lewis's apartment that night and that there was some sexual activity. Defendant testified, however, that the encounter was consensual. He testified that, earlier in the evening, Lewis invited him over for a small get-together.[1] When he arrived at her apartment, she invited him in, they went to a couch and kissed for awhile until Lewis said she was tired. He then left and went home.

At trial, defendant attempted to call Dan Perez, his cousin, and two others as witnesses. The state objected to the testimony of the witnesses, because they were not disclosed to the state until the day of the trial. Defendant's counsel told the court that he was unaware that the witnesses existed until 5:00 p.m. the day before trial and that he disclosed the witnesses as soon as practicable, thus complying with ORS 135.835 and ORS 135.845.[2] The court then stated its inclination to exclude the witnesses, but allowed defendant to put on

---

[1] Lewis denied ever inviting defendant to her home.

[2] ORS 135.835 provides, in part:

"[T]he defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

an offer of proof. The court refused to permit the witnesses to testify, relying on ORS 134.865.[3] The trial continued and defendant was convicted.

On appeal, defendant argues that the trial court erred in precluding his witnesses from testifying. As a threshold issue, we consider the state's argument that the error was not preserved. In this case, the propriety of excluding the witnesses was before the trial court and defendant made a proper offer of proof. In these circumstances, and without further discussion, we are satisfied that the error was sufficiently preserved for our review.

Once we reach the error, the state concedes that the court erred. Under *State v. Mai*, 294 Or 269, 277, 656 P2d 315 (1982), and *State v. Ben*, 310 Or 309, 317, 798 P2d 650 (1990), constitutional concerns require the prosecution to demonstrate that it would be prejudiced before a court may exclude defense witnesses for discovery violations. The prosecution made no such showing here. Therefore, the court erred by excluding defendant's witnesses.

Nevertheless, the state argues that the error was harmless. The harmless error rule, which arises from Article VII (amended), section 3, of the Oregon Constitution,[4] requires us to affirm a defendant's conviction, even though a trial court committed error,

---

"(1) The names and addresses of persons, including the defendant, whom the defendant intends to call as witnesses at the trial[.]"

ORS 135.845 provides, in part:

"The obligation to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court[.]"

[3] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[4] Article VII (amended), section 3, of the Oregon Constitution provides:

"If the supreme court shall be of opinion * * * that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

"whenever there is (1) substantial and convincing evidence of guilt and (2) little, if any, likelihood that the error affected the verdict." *State v. Parker*, 317 Or 225, 233, 855 P2d 636 (1993).

■     We cannot say that there is little likelihood that this error affected the verdict. There was no physical evidence; the case boils down to a swearing match between defendant and Lewis. Defendant contends that the excluded witnesses would have directly contradicted Lewis on a critical matter: whether defendant was invited to Lewis's apartment that evening. That testimony would have been directly probative of an element of the burglary charge and additionally it would have impeached the state's main witness on a noncollateral matter. The witnesses should have been allowed to testify and the error was not harmless.

Reversed and remanded for a new trial.