142 February 20, 2025 No. 128

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BREHK CURTIS VEITENHEIMER,
Defendant-Appellant.
Lincoln County Circuit Court
20CR47361; A178545

Amanda R. Benjamin, Judge.

Argued and submitted January 22, 2024.

Neil Francis Byl, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Remanded for resentencing; otherwise affirmed.

**POWERS, P. J.**

In this criminal case, defendant appeals from a judgment of conviction for first-degree criminal mistreatment and third-degree assault. In his first two assignments of error, defendant argues that the trial court erred in excluding from evidence—as a sanction for defendant's discovery violation—a computer tablet and witness testimony regarding the tablet. In his third assignment, defendant argues that the trial court plainly erred in imposing a sentence that exceeded the statutory-maximum sentence. The state concedes that the trial court plainly erred in sentencing defendant. As explained below, we reject defendant's first two assignments because we conclude that the trial court did not abuse its discretion by excluding the evidence and, regardless, there is insufficient information in the record to determine whether exclusion of the evidence prejudiced defendant. We accept the state's concession on the third assignment and exercise our discretion to correct the plain error. Accordingly, we remand for resentencing and otherwise affirm.

Although this is a nonprecedential memorandum opinion and the parties are familiar with the underlying factual and procedural history, we nonetheless provide a brief recitation of the undisputed background details for context. Defendant was charged based on an incident in which he allegedly struck his seven-year-old son, E, with a tablet, causing injuries to E. During opening statements, defense counsel informed the jury that the defense would introduce the tablet into evidence. Outside the presence of the jury, the state argued that the tablet had not been provided to the state during discovery; the state had filed a motion to compel discovery, and the court held a discovery hearing two days before trial where the tablet was not disclosed or discussed. Defense counsel told the court that the tablet was in the custody of defendant's family law attorney, Derr, and that the defense could have the tablet to the state by Monday, which was two business days before trial was set to resume. The state asserted that defendant committed a discovery violation, and that the violation prejudiced the state because "these items can be repaired" and if the state

had the tablet in its possession, the state would have been able "to have someone look at it to review whether or not it's been tampered with" or repaired before given to Derr.

Ultimately, the trial court excluded the tablet as a sanction for a discovery violation. The court explained, in part:

"We have already begun trial. We have 14 jurors who have heard opening statements in this trial and one witness, and the only remedy at this point is to prevent the [tablet] from being shown to the jury. There is simply no other remedy.

"This was in the full control of the defense. The [tablet] could be an entirely different item than what was in the defendant's possession on the day that this occurred. It could have been altered.

"It may not have been, but the point is, the state has the right to look at the evidence, to have an expert look at the evidence, and was not given that right. So I am excluding the [tablet] from introduction into the trial.

"Witnesses can testify to what they saw, what they observed, but the physical object and the picture of the physical object that were not disclosed will not be admissible."

As a further discovery sanction, the court excluded testimony by Derr about the condition of the tablet when he received it. As noted, defendant was convicted of one count of criminal mistreatment in the first degree, ORS 163.205, and one count of assault in the third degree, ORS 163.165.[1] This timely appeal follows.

On appeal, defendant argues in his first two assignments of error that the trial court abused its discretion by excluding evidence of the tablet and Derr's related testimony because there was insufficient evidence of actual prejudice to the state. Defendant contends that the state would have had two business days to examine the tablet and that the trial court failed to consider remedies short of exclusion. Defendant further asserts that the trial court's ruling deprived him of his right to present a defense under

_____

[1] ORS 163.165 has been amended since the underlying conduct in this case. Or Laws 2021, ch 489, § 11.

the Compulsory Process Clauses of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution.

Although the parties engage in a dispute about preservation, we need not address that issue because we reject defendant's arguments on other grounds. As an initial matter, neither party disputes that defense counsel committed a discovery violation. Therefore, we turn to the trial court's choice of sanction for the discovery violation, which we review for an abuse of discretion. *See State v. Moss*, 147 Or App 658, 663, 938 P2d 215, *rev den*, 325 Or 491 (1997). Accordingly, we will reverse only if the trial court's determination was not a "legally permissible one." *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012).

We have reviewed the record and conclude that the trial court did not abuse its discretion in excluding the tablet and Derr's related testimony, and thus did not violate defendant's right to present a defense under the state and federal constitutions. We first conclude that the court's findings that the state suffered actual prejudice is supported by evidence in the record. Specifically, the court found that the state learned that the defense intended to offer the tablet into evidence after the trial had already started. Moreover, the court found that the state did not have sufficient time to examine the tablet to determine if it had been altered. Although the court could have been more explicit in its ruling regarding other remedies it may have considered, the record reflects that the court determined that no other remedy short of exclusion was sufficient when it explained that there "is simply no other remedy." *See* ORS 135.865 (setting forth a trial court's options for discovery violation sanctions, including exclusion of the evidence); *see also State v. Johanesen*, 110 Or App 348, 351, 822 P2d 154 (1991) (explaining that a court can exclude defense evidence as a discovery violation sanction only if (1) it finds "actual prejudice to the state" and (2) determines that "no other sanction short of exclusion would remedy the prejudice to the state"). On this record, therefore, we cannot conclude that the trial court's decision to exclude the evidence was outside the range of legally permissible options.

In any event, we also conclude that, even if the trial court erred in excluding the evidence, there is no reversible error. *See, e.g.*, *State v. Khoshnaw*, 286 Or App 246, 250-53, 399 P3d 1083, *rev den*, 362 Or 208 (2017) (explaining that the failure to make an offer of proof prevented a determination that the testimony was improperly excluded); *State v. Clark*, 284 Or App 197, 211-12, 392 P3d 337, *rev den*, 361 Or 803 (2017) (concluding that the failure to make an offer of proof precluded determination of reversible error in excluding testimony). Error is not always sufficient to warrant reversal, and normally we must determine if any error was harmless. *See State v. Davis*, 336 Or 19, 30-32, 77 P3d 1111 (2003) (explaining that, under Article VII (Amended), section 3, of the Oregon Constitution, we must affirm a judgment despite an error if there is "little likelihood that the error affected the verdict"). When the asserted error is the exclusion of evidence, "the substance of the evidence" must be made "known to the court by offer" or must be "apparent from the context within which questions were asked." OEC 103(1)(b). An offer of proof is typically required to preserve the error when testimony is excluded, and the "purpose of this rule is to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case." *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988). An offer of proof, however, is not required if the importance of the evidence is clear from the context of the case. *State v. Clarke*, 106 Or App 204, 208, 808 P2d 92 (1991).

Here, even accepting defense counsel's various statements about the excluded evidence, defendant did not make an offer of proof or explain on the record the condition of the tablet or what the substance of Derr's testimony would have been. The only information in the record regarding the importance of the evidence was defendant's opening statement, which suggested to the jury that there would be evidence that there were inconsistencies in E's and other witness's descriptions of the condition of the tablet and explained that the tablet would be shown to the jury. That opening statement, however, does not provide us with sufficient information to be an adequate substitute for an offer of proof. There is nothing in the record about the condition

of the tablet and how it would differ from the descriptions given by the state's witnesses. In short, there is an insufficient record for us to determine whether exclusion of the tablet prejudiced defendant. Accordingly, because defendant did not make an offer of proof sufficient for us to determine whether any error in excluding the evidence was prejudicial, we reject defendant's first two assignments of error for that additional reason.

Turning to the third assignment of error, defendant argues that the trial court plainly erred in sentencing him to a prison term of 40 months and a post-prison supervision term of 36 months when the statutory maximum sentence for first-degree criminal mistreatment is 60 months. The state concedes that the court committed plain error, and we accept that concession. *See* ORS 163.205(3) (providing that criminal mistreatment in the first degree is a Class C felony); ORS 161.605(3) (providing that the maximum indeterminate sentence for a Class C felony is five years, or 60 months); OAR 213-005-0002(4) (providing that the "term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction"). Given the significant effect of the error on defendant's sentence, we exercise our discretion to correct it. *See State v. Jepsen*, 292 Or App 884, 885, 425 P3d 507 (2018) (reviewing a similar plain error and setting out the reasons for exercising discretion to correct that error).

Remanded for resentencing; otherwise affirmed.