STATE OF OREGON,
*Respondent,*

*v.*

RICHARD GILL,
*Appellant.*

(M784833; CA A49564)

772 P2d 957

Glenn N. Solomon, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals a conviction for driving while under the influence. ORS 813.010. He assigns as error the trial court's preclusion of a defense witness because of an alleged discovery violation. We reverse and remand.

On the morning of trial, the defense notified the state for the first time that it would be calling a witness to testify about the amount of alcoholic beverages consumed by defendant. The witness would testify that he had been with defendant throughout the day and evening, including being at a tavern with him. Defendant was arrested after he left the tavern. Defense counsel explained that unsuccessful attempts had been made to locate the witness for several months before trial but that the witness was now available. The state moved to preclude the witness' testimony as a sanction under ORS 135.835.[1] The trial court granted the motion. Defense counsel offered the state an opportunity to interview the witness during the noon recess, but the state declined, arguing that the interview could not cure the prejudice caused by the last minute notification, because it needed time to conduct an independent investigation of the witness.

ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, *the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify,* or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate." (Emphasis supplied.)

In *State v. Mai,* 294 Or 269, 656 P2d 315 (1982), the court said:

"There can be no denying that the imposition of the preclusion sanction may result in the defendant's being unable to

---

[1] ORS 135.835 provides, in relevant part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"(1) The names and addresses of persons, including the defendant, whom the defendant intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than the defendant."

call witnesses whose testimony might be relevant, material and exculpatory. Therefore, *the sanction should be imposed only when no lesser sanction would accomplish the aim of the statute, and then only if the state would be prejudiced if the witness or witnesses were permitted to testify even though the statute had not been complied with.* In short, although we hold that the sanction procedures under the discovery statutes are permissible under Article I, section 11, *we also hold that the statute must be applied in a reasonable manner by imposing the sanction which will infringe least* upon the defendant's rights and which will achieve the goal of the statute." 294 Or at 277. (Emphasis supplied.)

Here, the trial court made no inquiry as to whether the prejudice claimed by the state could be cured by an interview with the witness, a brief recess in the trial or a postponement. It also expressly made no finding that defense counsel intended to "ambush" the state at trial and, thus, whether there was any violation at all.[2] At most, the court was not satisfied that a diligent effort had been made to locate the witness before trial.

Assuming, without deciding, that there was a violation and that the state was prejudiced, we hold that, under these facts, the trial court was obligated to explore other alternatives to remedy that prejudice before it could preclude the witness from testifying. In *State v. Burdge,* 295 Or 1, 14, 664 P2d 1076 (1983), the court held that the refusal to allow a defense witness to testify should be imposed only "when necessary to preserve the integrity of the factfinding process and requires that the competing interests be closely examined."[3] In order to achieve the purpose of ORS 135.805 to ORS 135.873 to assure both parties the opportunity in advance of trial to prepare and to prevent unnecessary delays in trials without violating the constitutional right of a defendant to present witnesses, a trial court must apprise itself of the benefits and detriments of a particular alternative. The trial court erred by not doing that in this case.

---

[2] Directing his comments to defense counsel, the trial judge stated:

"I'm not saying anything about your good faith. That's got nothing to do with it."

[3] The *Burdge* opinion made the quoted statement in its discussion of OEC 615 and the trial judge's refusal to allow a defense witness to testify because the defense violated a stipulated agreement between the defense and the state to exclude witnesses.

Reversed and remanded for a new trial.