On respondent's petition for reconsideration filed October 31, reconsideration allowed; opinion (103 Or App 179, 796 P2d 390) modified and adhered to as modified February 13, 1991

## STATE OF OREGON,
*Appellant,*

*v.*

## ROBERT KEITH SHELTON,
*Respondent.*

(87-2550-C-2; CA A61575)

805 P2d 698

Sally L. Avera, Public Defender, and Peter Gartlan, Deputy Public Defender, Salem, for the petition.

Dave B. Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, *contra.*

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant petitions for review of our decision that the trial court erred in suppressing certain evidence. *State v. Shelton,* 103 Or App 179, 796 P2d 390 (1990). Treating the petition as one for reconsideration, ORAP 9.15(1), we allow it, modify our opinion and adhere to it as modified.

Defendant was indicted for possession of a controlled substance, ORS 475.992(4), after having been observed chewing objects that a police officer recognized as paperfolds commonly used for carrying cocaine. The trial court granted defendant's motion to suppress the paperfolds, stating only that it was an "extremely close" call. The state appealed. Because we could not discern the factual or legal basis for the trial court's ruling, we reversed and remanded for findings. *State v. Shelton,* 95 Or App 127, 767 P2d 496 (1989) *(Shelton I).* The trial court then wrote an opinion in which the only decipherable finding is that the officer saw paperfolds in defendant's mouth, but no white powder was visible. The opinion holds that the officer's observation "was insufficient to determine that the defendant, in fact, had narcotics in his mouth." The state appealed again. Concluding that the officer had probable cause to believe that a crime was being committed, we reversed. *State v. Shelton,* 103 Or App 179, 183, 796 P2d 390 (1990) *(Shelton II).*

Defendant challenges that decision, arguing that we improperly "searched the record to find testimony contrary to the legal conclusions reached by the trial court" and that our reversal was based on those "new factual findings." We allow defendant's petition for reconsideration in order to correct that error.

When the findings of a trial court are supported by the evidence, we are bound by them; when findings are not made on all facts that are in dispute, we resolve conflicts in a manner that supports the trial court's ultimate conclusions. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). However, "whether the historical facts are legally sufficient to support the [trial court's] ultimate conclusions is a legal question which falls within our scope of review." *State v. Wandle,* 75 Or App 746, 748, 707 P2d 1281 (1985).

We agree that our *Shelton II* opinion, in its discussion

of the facts, went beyond the trial court's cursory findings. Defendant properly points out that he is entitled to have the facts stated in the light most favorable to him. However, our problem with the trial court's decision in this case is not with its findings, but with whether those findings, meager as they are, bear any rational relation to the court's legal conclusion. Even omitting consideration of all evidence that was incorrectly referred to in our opinion, the findings made by the trial court are still insufficient to support its ultimate conclusion. To remand again would be a hollow gesture because, as a matter of law, the officer's seeing paperfolds in defendant's mouth gave rise to probable cause. *State v. McCrory,* 84 Or App 390, 734 P2d 359 (1987).[1] The trial court erred when it suppressed the evidence.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] "[A] paperfold, like a transparent container, announces its contents; therefore, defendant had no cognizable privacy interest in it, and opening it was not a search. Further, removing the contents was not a 'seizure,' because there was no 'significant interference' with defendant's possessory interest in it." *State v. McCrory, supra,* 84 Or App at 397 (Buttler, J., specially concurring).