Argued and submitted October 19, 1990, judgment vacated and remanded for further proceedings April 3, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE VICTOR GIRARD,
*Appellant.*

(884244; CA A63728)

808 P2d 1017

Robert Thuemmel, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for driving while under the influence of intoxicants. ORS 813.010. Defendant argues that the trial court erred in denying his "motion to suppress evidence seized from the stop of [his car]," in granting the state's motion to exclude a defense expert's testimony and in denying his motion for continuance "to provide the State with the time it claimed it needed to rebut the expert testimony." We vacate the judgment and remand.

Lincoln County Emergency Network (LinCom) received a call from a person who identified herself. She gave her location as the Jackpot gas station and market. She said that a "very intoxicated" person had just driven away from the station at a high rate of speed in a new, black, four-door Mercedes headed north on Highway 101. She said that four people were in the car and identified the driver as a male in his late thirties, with black hair, wearing a plaid shirt. She concluded, "I don't know how he's going to drive. He just walked in the store and I caught a whiff of both of them and they weren't smelling too good."

The LinCom dispatcher gave an Oregon State Police dispatcher the information indicating that a "possible" DUII was occurring, the description of the car, its direction, the description of the driver and the complainant's name. The state police dispatcher relayed that information, except for the complainant's name, to an officer on duty. The officer saw a car matching the description and saw that there were more than two people inside. However, he could not see the driver. He followed and did not observe any violations or anything unusual about the way the car was being driven. He informed the dispatcher about his observations. The dispatcher responded, "County does have complainant's name" and that he could stop the car based on the information that the complainant had given.

The officer stopped the car. Defendant was driving. Soon after the stop, the officer detected the "odor of intoxicating beverages * * * at a moderate level." After field sobriety tests, defendant was arrested and transported to the county jail for a breath test, which revealed a 0.09 percent blood alcohol level.

Defendant was cited on November 26, 1988. He hired a Portland attorney, who filed a motion to suppress. On November 6, 1989, the trial court denied the motion to suppress and set the trial date for January 9, 1990. On December 29, 1989, the Portland attorney contacted a Newport attorney, requesting that he represent defendant. On January 5, 1990, the district attorney received a letter from the Newport attorney stating that he "may be [the] trial attorney" in the case and that defendant intended to have as a witness at trial, among others, "Bart Reid of Northwest Forensic Laboratories to give testimony regarding blood alcohol absorption rates." On that date, the state notified the trial court that it was trying to obtain an expert to testify in response to Reid's testimony and, if it was unable to obtain one, it would move for a continuance.

On January 8, 1990, at a hearing on a motion *in limine,* the state moved to exclude Reid's testimony, because it was unable to obtain an expert to testify at trial. Defense counsel represented that, if allowed to testify, Reid would explain maintenance records on the Intoxilyzer used for defendant's breath test and the general variations that are possible on that type of machine. The trial court found that, given the amount of time that the Portland attorney had had to prepare for the case, the failure to disclose Reid as an expert witness until January 5, 1990, was "a violation at least of the spirit of the disclosure laws." The court also concluded that defendant's failure to disclose Reid as a witness until that time was prejudicial to the state. Defense counsel moved for a continuance "to allow the state to have an expert witness prepared to address Mr. Reid." The trial court denied defendant's motion for a continuance and granted the state's motion to exclude Reid's testimony.

■ Defendant argues that the trial court erred in denying his motion to suppress, because the arresting officer and the dispatchers did not collectively possess enough information "to reasonably suspect the defendant of driving under the influence of intoxicants." ORS 131.615(1) authorizes a police officer to stop a person if the police officer "reasonably suspects that [the] person has committed a crime." ORS 131.605(4) provides:

" 'Reasonably suspects' means that a peace officer holds a

belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

The arresting officer testified that he did not see anything unusual in the way that defendant was driving and that he stopped the car on the dispatcher's instructions. Therefore, "[t]he appropriate inquiry is whether the information possessed collectively by the [arresting officer] and the dispatcher gave rise to a reasonable suspicion that defendant had committed a crime." *State v. Black,* 80 Or App 12, 16, 721 P2d 842 (1986). Information given by a named informant may give rise to a reasonable suspicion under ORS 131.615(1) if the information has "sufficient indicia of reliability." *State v. Faulkner,* 89 Or App 120, 123, 747 P2d 1011 (1987); *see also State v. Black, supra.*

The informant voluntarily initiated the call and pesonally observed the events that she reported. She gave her name and location. Therefore, she subjected herself to possible civil and criminal liability if she had given a false report. Under the circumstances, we conclude that her information had sufficient indicia of reliability. *State v. Faulkner, supra,* 89 Or App at 123.

The informant told the LinCom dispatcher that defendant, his companion, or both, smelled of alcohol; defendant appeared "very intoxicated"; and he had driven away from the store. The officer observed the described car traveling in the direction given by the informant. The officer's observation that there was nothing irregular about the way that the car was being driven does not, in and of itself, detract from the information given by the informant to the dispatcher. Under the totality of the circumstances, the information possessed collectively by the arresting officer and the dispatcher gave rise to a reasonable suspicion that the driver of the car was driving under the influence of intoxicants. *See State v. Faulkner, supra; State v. Black, supra.*

■ Defendant next argues that the trial court erred in granting the state's motion to exclude Reid's testimony and in denying his motion for a continuance. He contends that he did not violate the discovery statutes; that, if he did violate the statutes, the record does not support the trial court's finding that the violation prejudiced the state; and that, even if the

state was prejudiced, the trial court erred in failing to consider sanctions less extreme than exclusion of Reid's testimony.

ORS 135.835(1) requires that a criminal defendant disclose to the district attorney "[t]he names and addresses of persons * * * whom the defendant intends to call as witnesses at the trial." ORS 135.845 provides that "obligations to disclose shall be performed *as soon as practicable following * * * the filing of a complaint charging a misdemeanor.*" (Emphasis supplied.) Although ORS 135.835 expressly refers to "the defendant" in its requirements, it applies equally to a defendant's attorney. *State v. Ben,* 310 Or 309, 315, 798 P2d 650 (1990). No substitution for the Portland attorney appears on the record, and his affidavit in support of defendant's motion for a new trial stated that he had intended to be present at trial with the Newport attorney, but could not attend. Even if it was not practicable for the Portland attorney to notify the district attorney which witnesses defendant intended to call at trial until after defendant's motion to suppress was denied on November 6, 1989, defendant does not offer any reason why he could not have given that notification before the Newport attorney did so on January 5, only four days before trial. We agree with the trial court that defense counsel did not comply with the statutory requirement to notify the district attorney of the witnesses that defendant intended to call at trial "as soon as practicable" after the filing of the complaint, as required by ORS 135.845.

The trial court found that the state was prejudiced by defendant's attorney's discovery violation, because the state was unable "to obtain [an expert] witness to counter the prospective testimony of Mr. Reid." The record supports the trial court's finding of prejudice.

ORS 135.865 provides alternative sanctions or remedies that the trial court may use in response to a violation of the discovery statutes:

"[T]he court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

In *State v. Mai,* 294 Or 269, 656 P2d 315 (1982), the Supreme

Court indicated that use of the preclusion sanction is appropriate only in very limited circumstances:

"[T]he preclusion sanction of ORS 135.865 is not inconsistent with Article I, section 11, of the Oregon Constitution, provided that the court finds that the prosecution is prejudiced by the defendant's failure to comply with the reciprocal discovery statutes, and provided further, that it appears that no sanction short of preclusion effectively will avoid the prejudice which the defendant's lack of compliance created." 294 Or at 280. (Footnote omitted.)[1]

*See also State v. Ben, supra,* 310 Or at 317.

In *State v. Gill,* 96 Or App 358, 772 P2d 957 (1989), the trial court granted the state's motion to preclude a witness from testifying when, "[o]n the morning of trial, the defense notified the state for the first time that it would be calling a witness to testify about the amount of alcoholic beverages consumed by [the] defendant." 96 Or App at 360. We stated:

"Assuming, without deciding, that there was a violation and that the state was prejudiced, we hold that, under these facts, the trial court was obligated to explore other alternatives to remedy that prejudice before it could preclude the witness from testifying. In *State v. Burdge,* 295 Or 1, 14, 664 P2d 1076 (1983), the court held that the refusal to allow a defense witness to testify should be imposed only 'when necessary to preserve the integrity of the factfinding process and requires that the competing interests be closely examined.' In order to achieve the purpose of ORS 135.805 to ORS 135.873 to assure both parties the opportunity in advance of trial to prepare and to prevent unnecessary delays in trials without violating the constitutional right of a defendant to present witnesses, a trial court must apprise itself of the benefits and detriments of a particular alternative. The trial court erred by not doing that in this case." 96 Or App at 361. (Footnote omitted.)

In an effort to remedy any prejudice to the state, defense counsel here moved for a continuance. The trial court refused to grant the motion on the ground that counsel had failed to comply with a local trial court rule and had violated

---

[1] The court also said, "We believe that the Supreme Court would reach the same result under the Sixth Amendment." 294 Or at 280.

the discovery statutes.[2] However, the court did not determine, and it is not apparent from the record whether, given a continuance, the state could have obtained an expert witness. The sanction of witness preclusion can only be imposed after the court has carefully considered the benefits and detriments of other alternatives to remedy any prejudice to the state. The record does not reveal that the court engaged in that kind of analysis. It must determine on remand whether a lesser sanction or alternative remedy would have avoided any prejudice to the state. *See State v. Ben, supra,* 310 Or at 318.

Reid was prepared to testify regarding the accuracy of the particular Intoxilyzer at the time when defendant was tested and the accuracy of that type of machine in general. Because defendant's breath test result was only 0.01 percent higher than the presumptive 0.08 percent blood alcohol intoxication level in ORS 813.010(1)(a), we cannot conclude that the trial court's error did not affect defendant's right to a fair trial.

We vacate the judgment and remand for the trial court to make specific findings required by this opinion. If the court finds that another remedy or a lesser sanction would not have avoided the prejudice to the state, the court shall re-enter the judgment. If the court finds that a lesser sanction or an alternative remedy would have avoided the prejudice, then the court shall use the alternative remedy or impose the appropriate sanction and grant defendant a new trial.

Judgment vacated; remanded for further proceedings not inconsistent with this opinion.

---

[2] The local trial court rule requires counsel to appear personally or by affidavit at "call day" to apprise the court of the status of the case. Defendant's attorney did not appear personally or by affidavit at "call day." On that date, the court assigned the case as the "primary" case for trial on January 9, 1990. The notice of "primary" designation was mailed to the Portland defense attorney on December 11, 1989.