# STATE OF OREGON,
*Appellant,*

*v.*

# JAMES MAX LICHTY,
*Respondent.*

(89-1147; CA A65661)

821 P2d 1114

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John F. Hunnicutt, St. Helens, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Rossman, J., dissenting.

### DE MUNIZ, J.

■ Defendant was indicted for possession of a controlled substance. ORS 475.992(4). The trial court granted his motion to suppress cocaine found in plain view in his automobile. The state appeals. ORS 138.060(3). The issue is whether the stop was based on a reasonable suspicion that defendant was in possession of a controlled substance. Under the totality of the circumstances, the police officer's suspicion was not reasonable, and we affirm.

The facts are not disputed. On June 7, 1989, a clerk in the Quick Shop Minit Mart in Rainier found a wallet on the counter. The clerk handed it to the store's owner, Storie, who opened it to determine its owner. When she opened the wallet, a plastic bag containing a white powdery substance fell out. Coincidentally, Police Chief Derby was standing in front of the store at the time. Derby had known Storie for approximately 11 years. He was "closely acquainted" with Mr. and Mrs. Storie and "got to be good friends with them." Storie went outside and told Derby, "I just found this wallet in the store, * * * a bag of coke fell out of it." As Storie started to hand the wallet to Derby, defendant drove up with a companion. His companion yelled, "[T]hat's our wallet." Storie handed the wallet to the companion. As defendant began to back out of the lot, Derby "hollered for [defendant] to stop the vehicle, and he did so." Derby asked to see the wallet. He examined it, then "looked in the vehicle [and] observed a baggie containing a white powdered substance sitting on the console." Derby seized the baggie. The white powdered substance in the baggie proved to be cocaine.

A police officer may stop a person and conduct a "reasonable inquiry" if the officer "reasonably suspects that [the] person has committed a crime." ORS 131.615(1). The reasonableness of the officer's suspicion is tested by the totality of the circumstances. ORS 131.605(4). Defendant and the state agree that defendant was stopped when he acquiesced to Derby's order for him to stop. Defendant concedes that, "If the stop was lawful, the officer was justified in seizing the cocaine." *See State v. Shelton*, 103 Or App 179, 796 P2d 390 (1990), *mod* 105 Or App 570, 805 P2d 698 (1991). However, defendant asserts that Derby's suspicion

could not be reasonable, because Derby did not ask, and Storie did not explain, why she believed that the substance in the wallet was cocaine. Derby based his suspicion solely on Storie's tip. We must decide whether his suspicion that defendant possessed a controlled substance was reasonable.

To justify a stop, an officer must be

"able to point to specific and articulable facts which give rise to the inference that criminal activity is afoot * * *." *State v. Valdez*, 277 Or 621, 626, 561 P2d 1006 (1977) (*quoting Proposed Oregon Criminal Procedure Code* 26, § 31, Commentary (1972)).

The requirement of specific and articulable facts enables the reviewing court to determine whether the officer's suspicion was, under the totality of the circumstances, reasonable.

In forming a reasonable suspicion, an officer may rely on personal observations. He may also rely on information conveyed to him by another person, as long as the information has "sufficient indicia of reliability." *State v. Faulkner*, 89 Or App 120, 123, 747 P2d 1011 (1987). A named informant, whose personal observations prompt her to make a report, is deemed to be reliable. *State v. Girard*, 106 Or App 463, 467, 808 P2d 1017 (1991); *State v. Faulkner, supra*, 89 Or App at 123.

We have no difficulty in concluding that Storie was sufficiently trustworthy. However, her communication to Derby, by itself, was insufficient to give rise to a reasonable suspicion. Storie told Derby, "I just found this wallet in the store, * * * a bag of coke fell out of it." She did not tell him why she believed that the substance in the bag was cocaine. She did not describe the bag or its contents to Derby. Her tip merely conveyed her conclusion that it was cocaine. A conclusion, by itself, is not a specific articulable fact. Although Derby had known Storie personally for several years, he had no basis for knowing whether she had any idea what cocaine looked like. He conceded, on cross-examination, that there was no "reason to believe that she knows any more about cocaine than anybody else" in the courtroom, other than Derby and the district attorney. Derby testified that, based on his training and expertise, he knew that cocaine "is usually packaged in small amounts" in baggies. However, nothing in

the record indicates that Derby had any reason to believe that the "bag" in defendant's wallet resembled the kind of packaging that he associated with cocaine.

Under the circumstances, Derby could not form a reasonable suspicion that defendant was in possession of a controlled substance, unless he corroborated Storie's tip with observations of his own. He did not. The stop was not based on a reasonable suspicion, and the trial court properly granted defendant's motion to suppress.

Affirmed.

**ROSSMAN, J.,** dissenting.

Although the majority purports to "have no difficulty in concluding that Storie was sufficiently trustworthy," 110 Or App at 297, it nevertheless dismisses the value of her information and redefines "reasonable suspicion" in the process.

The rule is that a named citizen informant is deemed reliable if she personally observes the events reported and voluntarily initiates the report. *State v. Girard*, 106 Or App 463, 467, 808 P2d 1017 (1991). However, the majority holds that, "[u]nder the circumstances, Derby could not form a reasonable suspicion that defendant was in possession of a controlled substance, *unless he corroborated her tip with observations of his own*." 110 Or App at 298. (Emphasis supplied.) Although an unnamed informant's tip must have some additional support, *State v. Prince*, 93 Or App 106, 111, 760 P2d 1356, *rev den* 307 Or 246 (1988), corroboration is not required to validate an *identified* informant's personal observations.

Storie did not tell Derby why she believed that the substance in the bag was cocaine. However, reasonable suspicion does not require scientific, or even definite, knowledge; neither does it require additional inquiry on the part of a police officer sufficient to render the suspicion *more* reasonable. An officer is not required to establish an informant's familiarity with the specific drug at issue in order to form a reasonable suspicion. *State v. Horwedel*, 66 Or App 400, 404, 674 P2d 623, *rev den* 296 Or 638 (1984).

Derby had known Storie personally for several years. Given Derby's familiarity with the informant, he could reasonably conclude that she honestly believed that the wallet contained contraband. There was testimony that the appearance of cocaine and its packaging are not so unique that only experts should be assumed to be familiar with it. *See generally State v. Hasselback*, 55 Or App 281, 285 n 2, 637 P2d 1316 (1981), *rev den* 292 Or 825 (1982). It is conceivable that a person may carry a baggie in his wallet that contains a white powdery substance that is not contraband. However, the possibility of an alternative, non-criminal explanation, or that the suspicion may turn out to be wrong, does not render the suspicion unreasonable. *State v. Kolendar*, 100 Or App 319, 323, 786 P2d 199, *rev den* 309 Or 698 (1990). My review of the record indicates that Storie was not required to resort to her imagination in believing and saying that the baggie contained cocaine instead of powdered sugar or some other commodity. Under the totality of the circumstances, Derby's suspicion that the wallet contained contraband was clearly reasonable.

Armed with a reasonable suspicion that defendant possessed a controlled substance, Derby lawfully stopped him. Once Derby had done that, he observed, in plain view, a baggie containing a white powdery substance. Because the stop was lawful and the officer was justified in seizing the cocaine, the trial court should not have granted defendant's motion to suppress. Accordingly, I dissent.