Argued and submitted March 20, reversed and remanded for new trial May 27, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# GEORGE VICTOR GIRARD,
*Appellant.*

(884244; CA A70685)

832 P2d 463

Robert Thuemmel, Portland, argued the cause for appellant. With him on the brief was Thuemmel & Uhle, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Defendant appealed his conviction for driving under the influence of intoxicants, ORS 813.010, and we vacated the judgment with specific instructions on remand. *State v. Girard,* 106 Or App 463, 808 P2d 1017 (1991). The trial court reinstated the judgment, and defendant appeals again. We again vacate the judgment and order a new trial.

Four days before the original trial, in violation of the timeliness requirements of ORS 135.835(1), defendant's attorney sent the state a notice that he intended to call an expert to challenge the accuracy of the Intoxilyzer. Defendant also moved for a continuance to remedy any prejudice to the state. The trial court denied the motion for a continuance and excluded defendant's expert testimony because of the discovery violation. Defendant was convicted in a jury trial. He appealed, and we vacated the judgment and remanded the case with instructions for the trial court to make specific findings as to whether another lesser sanction—other than exclusion—would have avoided prejudice to the state. If the court were to find that no other remedy would have alleviated prejudice to the state, then it was to reinstate the judgment.

At the hearing on remand, there was no evidence that the state would have suffered any actual prejudice from a continuance. Nevertheless, the court reinstated defendant's conviction, because the judge felt that to do otherwise would encourage poor practice by the defense bar and the court would lose control over its docket.[1] While those concerns are important, that generalized harm is outside the scope of our order on remand. We directed the court to reinstate the judgment only if the state would have been unduly prejudiced

---

[1] In its conclusion of law, the court said:

"To grant the continuance sought by the Defendant in the instant case *could* have avoided the prejudice to the State assuming that sufficient advance notice of a trial date could have enabled the deputy district attorney to subpoena an expert witness from a state police crime lab. However, that would not have 'effectively' avoided the prejudice, but would have *ineffectively* done so * * *. Such a reading of the discovery statutes and sanctions for their violation would wreak havoc on trial court dockets and enable indolent defense counsel to exact continuances from trial courts where such counsel fail to comply with discovery statutes, cause prejudice to the prosecution, and request a continuance of the trial to enable the prosecution to secure rebuttal witnesses in order to allay the prejudice." (Emphasis in original.)

by a continuance in this particular case—not if the state or the judicial system might have suffered some speculative future harm in other cases.

Because there was no evidence that the state would have been prejudiced by a continuance, the court erred in reinstating the judgment.

Reversed and remanded for a new trial.