Argued and submitted March 22, 1991, resubmitted In Banc February 5, affirmed July 8, reconsideration denied September 16, petition for review denied October 27, 1992 (314 Or 574)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARK WILLIAM WORSHAM,
*Appellant.*

## (90-1047-C-1; CA A66436)

834 P2d 1033

John P. Daugirda, Eugene, argued the cause for appellant. With him on the brief was Roost & Daugirda, Eugene.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

EDMONDS, J.

Warren, J., specially concurring.

De Muniz, J., dissenting.

### EDMONDS, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He argues that the trial court erred by denying his motion to suppress evidence seized pursuant to a search warrant. We affirm.

Defendant contends that the affidavit in support of the warrant does not establish probable cause to search his residence. The information in the affidavit supporting the warrant came from a confidential reliable informant (CRI) who, in turn, had obtained his information from another unnamed person. The affidavit said:

"On March 20, 1990, the CRI informed me that an unknown, white, male adult was selling large quantities of marijuana from his residence on a daily basis. The CRI further informed me that this residence was 17275 Jones Road, County of Jackson, State of Oregon. The CRI has further informed me that within the last 72 hours, the CRI has been to the residence at 17275 Jones Road, County of Jackson, State of Oregon, with a second, unwitting individual, to purchase marijuana. Further, the CRI advised that during the time the CRI was at said residence, the CRI was made to stay outside of the residence in the vehicle that the CRI has arrived in. The unwitting individual accompanying the CRI, advised the CRI that he intended to purchase more than one ounce of marijuana from the male individual in the residence. This unwitting individual further advised that he has purchased more than an ounce of marijuana from the unknown white male adult at said residence on prior occasions. Said CRI further advised that the unwitting individual went into said residence and stayed for no less than 10 minutes. The CRI advised that upon the unwitting individual returned [sic] to their vehicle, the unwitting individual showed the CRI more than one ounce of marijuana which the unwitting individual stated had been purchased from the unknown white male inside of said residence. The CRI further advised that the unwitting individual further advised the CRI that the unwitting individual had observed approximately ten (10) pounds of marijuana inside the residence. This marijuana was kept within garbage sacks inside of a refrigerator.

"The CRI further advised that the unwitting individual related to the CRI the intention of returning to said residence

at a later date to either burglarize or rob the occupants of said residence for the remaining pounds of marijuana."

Defendant asserts that the affidavit fails to demonstrate either the reliability of the unnamed person's information or that person's credibility.

■ In *State v. Young*, 108 Or App 196, 200, 816 P2d 612 (1991), we said that ORS 133.545(4)[1]

"is a codification of the test of search warrant affidavits derived from *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964) and *Spinelli v. United States*, [393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969)]. The two-pronged *Aguilar/Spinelli* formulation is that the affidavit supporting a search warrant must demonstrate an *unnamed* informant's veracity and the basis of the informant's information. *State v. Horwedel*, 66 Or App 400, 674 P2d 623, *rev den* 296 Or 638 (1984). The veracity component can be demonstrated by facts showing either that the informant is credible or that the information supplied is reliable." (Emphasis supplied.)

Under the statute, the unnamed person who supplied information to the CRI is an "informant" to whom the *Aguilar/ Spinelli* test applies.

■ ■ There is no information in the affidavit about the unnamed informant's credibility. However, that person's veracity can be demonstrated by showing that the information supplied is reliable. The informant's statements that "he ha[d] purchased more than an ounce of marijuana from the unknown white male at said residence on prior occasions," that he "intended to purchase more than one ounce" at the residence and that he intended to return to the residence to rob the occupants of the remaining marijuana are reliable because they are statements against penal interest. *See State v. Alvarez*, 308 Or 143, 776 P2d 1283 (1989). Additionally, the affidavit demonstrates the unnamed informant's basis of information: His statements are either a product of his

---

[1] ORS 133.545(4) provides:

"The application shall consist of a proposed warrant in conformance with ORS 133.656, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

personal observations or assertions of his subjective intent. Accordingly, they satisfy ORS 133.545(4) and we cannot excise them.

■ The CRI's statement about his observations of the informant returning to the car with marijuana after he had gone into the residence also satisfies ORS 133.545(4), because the affidavit sufficiently demonstrates the CRI's veracity[2] and the basis of *his* information. On the other hand, the CRI's statement that the informant said that he had seen approximately 10 pounds of marijuana inside the residence should be excised because, although the affidavit adequately demonstrates the informant's basis of knowledge, it fails to demonstrate facts regarding the information's reliability. When the unexcised portions of the informant's statements and the CRI's statements are read together, the affidavit establishes probable cause to believe that marijuana will be found in the residence. The trial court did not err when it denied defendant's motion.

The special concurrence would overrule *State v. Young, supra,* and hold that an unnamed person in an affidavit who gives information to a CRI is not an "informant" within the meaning of ORS 133.545(4) and, therefore, that the unnamed person's credibility or the reliability of the information need not be shown. The special concurrence says:

> "The 'unwitting citizen' in this case had no intention of communicating to the police his desire to return to rob defendant. He cannot be considered an 'informant.' He is merely a source of some of the informant's information." 114 Or App at 177.

That interpretation of ORS 133.545(4) is inconsistent with the statute's history. The legislature intended that ORS 133.545(4) reflect Fourth Amendment requirements as interpreted by the United States Supreme Court. *State v. Russell,* 293 Or 469, 473, 650 P2d 79 (1982). When the statute was adopted, the test announced in *Aguilar/Spinelli* was in force. Even though that has changed, *see Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983), ORS 133.545(4)

---

[2] Defendant does not challenge the CRI's veracity.

has not, and the *Aguilar/Spinelli* test still controls the analysis under the statute. *State v. Alvarez, supra.*

In *Aguilar* and *Spinelli*, the Court was concerned that unsupported conclusory statements made in search warrant affidavits could deprive magistrates of the opportunity of making their own probable cause determinations when there was not an underlying inference of reliability based on the credibility of the informant or the reliability of the information. Because the special concurrence's interpretation of the law would impermissibly allow hearsay information to be deemed reliable merely because it is a source of a CRI's information, it cannot be a correct interpretation of ORS 133.545(4).

The dissent argues that, under *State v. Alvarez, supra,* "[t]here *must* be other circumstances to 'contribute to or bolster the reliability of the [informant's] information.' " 114 Or App at 181. (Emphasis in original.) We disagree with the dissent's interpretation of *Alvarez*. There, the court said that a declaration against penal interest is entitled to some weight in determining the reliability of information conveyed by an informant. 308 Or at 143. The weight to be given that evidence depends on the facts of each case. Some declarations against penal interest might of themselves be of sufficient weight to make an informant's statements reliable.

Here, even if the statements against penal interest could be deemed insufficient to demonstrate the reliability of the unnamed informant's information, the CRI's observations corroborate the statements. A magistrate could reasonably make those inferences from the affidavit. According to the CRI, he accompanied the informant to defendant's residence and stayed outside the residence in the vehicle while the informant went inside. Before he went inside, the informant told the CRI that he intended to purchase marijuana from a person in the residence. The CRI observed the informant go inside the residence and, on his return after approximately 10 minutes, he "showed the CRI more than an ounce of marijuana which the informant stated had been purchased from the unknown white male inside of said residence." When the informant's statements are considered in the light of the CRI's observations, the statements have sufficient indicia of reliability.

■ In sum, we affirm what we held in *State v. Young, supra*. A person mentioned in an affidavit who gives information to a CRI is an informant and that person's credibility or the reliability of the information must be demonstrated for the information to be used to determine whether probable cause exists to issue a search warrant. In this case, we hold that the unnamed informant's information is reliable under the circumstances expressed in the affidavit and that the affidavit establishes probable cause.

Affirmed.

**WARREN, J.,** specially concurring.

I agree with the result the majority reaches: The search warrant affidavit does establish probable cause that defendant had marijuana on his property. However, the majority chooses to continue down the tangled trail initiated by *State v. Young*, 108 Or App 196, 816 P2d 612 (1991). Therefore, I write separately in an effort to bring this court back on the main road — so to speak — with a plain reading of ORS 133.545(4).

ORS 133.545(4) provides, in part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The Supreme Court has held that an affidavit based on facts supplied by an unnamed informant must show

"(1) whether the affidavit sets forth informant's *'basis of knowledge'* and (2) whether the affidavit sets forth facts showing the informant's 'veracity' by indicating either that the informant is *credible or* that his *information is reliable.*" *State v. Carlile*, 290 Or 161, 164, 619 P2d 1280 (1980). (Emphasis supplied.)

The veracity of an unnamed informant is satisfied in one of two ways: *Either* (1) by facts showing the informant to be credible; *or* (2) by facts showing the information from the informant is reliable.[1] If the unidentified informant's credibility has been established, it is unnecessary to have additional facts supporting the reliability of his information.

---

[1] "Credible" is defined as

"an informant's inherent and ongoing character as a person — his reputation as a truth-speaker or his demonstrated history of truth-speaking." *State v. Alvarez,*

Conversely, if the specific information provided by an unidentified informant is reliable, any facts showing that he is credible are also unnecessary. Here, defendant concedes that the unidentified informant has a basis of knowledge and is credible. Accordingly, the affidavit satisfies ORS 133.545(4).

Nevertheless, the majority bogs down over the question of whether the person who acted as the go-between for the unidentified person and defendant is an "informant" and is therefore covered by ORS 133.545(4). In *State v. Villagran*, 294 Or 404, 657 P2d 1223 (1983), the Supreme Court said that everyone who gives information to the police is an "informant" in the classic dictionary sense. 294 Or at 409. The majority errs in assuming that anyone who speaks to an informant automatically turns into an informant himself. The "unwitting citizen" in this case had no intention of communicating to the police his desire to return to rob defendant. He cannot be considered an "informant." He is merely a source of some of the informant's information.

The majority has chosen to compound the confusion created by *State v. Young, supra.* In that case, we examined an affidavit in which the unidentified informant reported his conversation with a named person.[2] We said:

---

308 Or 143, 147, 776 P2d 1283 (1989).

"Reliability" is defined as

"[the] circumstances assuring that the particular information is indeed trustworthy on a specific occasion." 308 Or at 147.

[2] The distinction between "named" and "unnamed" informants in this context is specious at best. In *State v. Carlile, supra,* and *State v. Montigue,* 288 Or 359, 605 P2d 656, *cert den sub nom* 449 US 846 (1980), the Supreme Court held that naming an informant was an additional factor in determining the sufficiency of an affidavit because, by exposing her identity, the informant exposed herself to a civil action for malicious prosecution or a charge of perjury. *State v. Carlile, supra,* 290 Or at 165. That rationale disappears in the case of a CRI, because the state knows the informant's identity and could still prosecute her for false swearing, malicious prosecution or perjury. In fact, the state, the police and the magistrate are all privy to the identity of the CRI or the go-between; only the defendant and the defense attorney do not know who the people are. There is no reason why the magistrate cannot perform an independent review of a CRI's credibility or reliability simply because the defendant does not know the CRI's name.

*State v. Farrar,* 309 Or 132, 144, 786 P2d 161 (1990), only compounds the problem by holding that ORS 133.545 applies only to *unnamed* informants. The question remains: "Unnamed" to whom?

"All that the veracity of the CRI establishes is that the magistrate can believe that he was truthful when he told the affiant that [the named person] had given him the information." *State v. Young, supra,* 108 Or App at 202.

That is true and, again, that is all the law requires: The CRI's basis of knowledge is communicated to the magistrate, and the CRI's credibility is established. In my view, no further showing need be made. I believe that *State v. Young's* holding requiring more is wrong.[3]

> *State v. Carlile, supra, State v. Villigran, supra,* and *State v. Alvarez, supra,* are not to the contrary. *Carlile* and *Villigran* both involved direct challenges to the informant's credibility or reliability. Here, defendant makes no such attack. Moreover, *Carlile* stands for the simple proposition that criminal involvement places a named informant's honesty and integrity under suspicion. Although the Supreme Court used the *Aguilar/Spinelli* standard to examine an affidavit based on statements from a criminally involved informant, we pointed out in *State v. Evans,* 110 Or App 46, 822 P2d 1198 (1991), that *Carlile* does not require that the search warrant affidavit satisfy that standard.

> *State v. Alvarez, supra,* involves facts similar to the present case: A CRI purchased cocaine from an unwitting citizen who purchased it from the defendant. Although the Supreme Court appeared to apply ORS 133.545(4) to the unwitting citizen's statements, that case did not require that information passed on to a CRI by another person must comply with ORS 133.545(4).[4] We should also decline to make that holding in this case.

**De MUNIZ, J.,** dissenting.

> The fundamental question in this case is whether the affidavit that was submitted in support of the application for a search warrant

---

[3] In *Young,* we held that, when an informant passed on information from a second party, we would apply the common law test to determine if, under the totality of the circumstances, the information is sufficiently reliable to support issuance of a search warrant. 108 Or at 202 (relying on *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983)).

[4] The court found that the unwitting citizen's declarations against penal interest (he or she purchased cocaine and took an active role in the transactions) gave the unwitting citizen's statements a sufficient degree of reliability.

"[contained sufficient facts] that would lead a reasonable person to believe that [some quantity of marijuana] would, *more likely than not*, be found in defendant's home." *State v. Chambless*, 111 Or App 76, 80, 824 P2d 1183, *rev den* 313 Or 210 (1992). (Emphasis supplied.) *See* ORS 133.555(2).

The majority and the special concurrence squabble about whether ORS 133.545(4) sets a standard that applies to the unnamed, unwitting "informant." It hardly seems to matter. No reasonable person could conclude, on the basis of an uncorroborated statement made by an unnamed person whose credibility cannot be assessed, relayed to the affiant by yet another unnamed person, that defendant's house contained evidence of a crime. Accordingly, I dissent.

ORS 133.545(4) codifies the two-pronged *Aguilar/ Spinelli* test for weighing the sufficiency of an affidavit containing hearsay from an unnamed informant in support of a warrant application. *State v. Young*, 108 Or App 196, 201, 816 P2d 612 (1991); *see Spinelli v. United States*, 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969); *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964). It provides, in part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any *unnamed informant's* reliability and shall disclose, as far as possible, the means by which the information was obtained." (Emphasis supplied.)

In *State v. Young, supra*, we wrote:

"The two-pronged *Aguilar/Spinelli* formulation is that the affidavit supporting a search warrant must demonstrate an *unnamed* informant's veracity and the basis of the informant's knowledge. The veracity component can be demonstrated by facts showing either that the informant is credible or that the information supplied is reliable." (Citation omitted; emphasis in original.) 108 Or App at 201.

In this case, the affidavit contains hearsay upon hearsay—an unnamed CRI relayed information from an unnamed and unwitting "informant" to the affiant. The special concurrence relies on *State v. Villagran*, 294 Or 404, 409, 657 P2d 1223 (1983), for the proposition that an "informant" is "[a person] who gives information to the police" and

concludes that the "unwitting citizen" was not an "informant," but "merely [the] source of the informant's information." 114 Or App at 177. That conclusion may be correct. Cases from other jurisdictions that have ventured to define the term "informant" have focused on the question of whether the person providing information to the police is an "informant" or a "witness." *See* 21 *Words and Phrases*, 1991 Supp 126-27 (1960 & 1991). However, none of those cases addressed the issue of whether the person who provides information to the police must do so knowingly or directly in order to be considered an "informant."

I am not particularly troubled by the concurrence's proposition that the "unwitting citizen" is not an "informant" for the purposes of ORS 133.545(4). However, the concurrence goes on to say that "[once] the CRI's credibility is established * * * no further showing need be made." 114 Or App at 178. I cannot accept the conclusion that information contained in the statement of an unidentified person is taken as incontrovertible truth merely because it passes through a confidential reliable informant. A CRI is not an information purifying conduit, capable of taking statements from questionable sources and rendering them truthful. If ORS 133.545(4) does not apply to the "unwitting citizen's" statement, then the veracity of the information in that statement should be scrutinized under "the totality of the circumstances." *State v. Young, supra,* 108 Or App at 202 (citing *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983)).

The majority correctly recognizes that the affidavit contains no information about the "unwitting informant's" credibility. Regardless of whether the *"Aguilar/Spinelli"* standard or the "totality of the circumstances" test applies, I agree with the majority that the sufficiency of the affidavit depends on the reliability of the information supplied by the "unwitting informant's" statements.

The majority, relying on *State v. Alvarez,* 308 Or 143, 776 P2d 1283 (1989), concludes:

> "The [unwitting] informant's statements that 'he ha[d] purchased more than an ounce of marijuana from the unknown white male at said residence on prior occasions,' that he 'intended to purchase more than one ounce' at the

residence, and that he intended to return to the residence to rob the occupants of the remaining marijuana are reliable because they are statements against penal interest." 114 Or App at 173.

The majority has not read *Alvarez* closely enough. In that case, the court wrote:

"[T]he declaration was made to another informant who was cooperating with the police unbeknownst to the second informant. A declaration against penal interest is a declaration against penal interest, however, regardless of whether it is made to a judge, to a police officer, or to a neighbor over the back fence. Its character is not altered by a change in interlocutors although, as [*State v. Carlile*, 290 Or 161, 619 P2d 1280 (1980)] recognized, its indicia of reliability may.

"As the passage from *Carlile* also recognizes, a declaration against penal interest is entitled to *some* weight in determining the reliability of information conveyed by an informant.[1] Although the declaration may 'not go far' in establishing the reliability of the information, *other 'circumstances' may contribute to or bolster the reliability of the information* thus conveyed." 308 Or at 149. (First emphasis in original; second emphasis supplied.)

Although the Supreme Court opinion in *Alvarez* does not say so, the first informant was unnamed. 93 Or App at 716. Generally, an unnamed informant is considered less reliable than a named informant. *See State v. Girard*, 106 Or App 463, 808 P2d 1017 (1991). The lesson of *Alvarez* is that a statement against penal interest made by an unnamed informant, by itself, is not sufficiently reliable to establish the veracity of the information that it contains. There must be other circumstances that "contribute to or bolster the reliability of the information [conveyed]." 308 Or at 149. In *Alvarez*, the affiant

"made certain that informant #1 did not independently possess cocaine by searching informant #1 before informant #1 went with informant #2 to the mobile home. Moreover, [the affiant] observed informant #2 enter the mobile home

---

[1] Although the Supreme Court referred to the "unwitting citizen" as an "informant," I am not persuaded that the court considered the declarant an "informant" in the context of ORS 133.545(4).

and return to informant #1; he then regrouped with informant #1 and recovered and tested the substance [that informant #2 allegedly obtained inside the mobile home, and it] proved to be cocaine." 308 Or at 149.

Those circumstances bolstered the reliability of informant #2's statement that he had bought cocaine inside the mobile home.

In contrast, there are no indicia of reliability to bolster the veracity of the statement made by the "unwitting informant" in this case. The affiant did not search the CRI before the CRI accompanied the "unwitting informant" to defendant's house. The affiant did not personally observe the "unwitting informant" go into defendant's home, where he allegedly obtained marijuana. The CRI did not retrieve the marijuana that the "unwitting informant" allegedly obtained inside defendant's house. Neither the affiant nor any other officer examined the substance. It was not tested or confirmed to be marijuana by anyone other than the unnamed CRI. In short, there was no corroboration whatsoever.

We are asked to rely solely on the unnamed CRI to provide accurate information, which came from a source whose credibility cannot be assessed. It makes no difference whether we apply ORS 133.545(4) to the statements made by the "unwitting informant" or not. The question is not the "character" of the declaration against penal interest by the "unwitting informant." *State v. Alvarez, supra,* 308 Or at 149. The question is how much weight should be given to that declaration when conducting a probable cause analysis. 308 Or at 148. The answer is: *Not much.* No reasonable person could conclude, on the basis of an uncorroborated statement, which was made by an unnamed person whose credibility cannot be assessed and relayed to the affiant by yet another unnamed person, that defendant's house, more likely than not, contained evidence of a crime. The trial court erred when it denied defendant's motion to suppress.

Buttler and Durham, JJ., join in this dissent.